## SMITH v. ROBINSON.

1. It is no valid objection to a decree dismissing a bill having no equity, that the motion was made by a defendant in contempt for want of an answer.

2. When the title to land is conveyed by the principal to his surety, to indemnify him against liability on a recognizance, with power to sell in case of default, and the surety sells and executes a title bond to the purchaser, the contract of sale will not be rescinded, although afterwards the recognizance is released by the Governor.

3. Where lands are sold, and the vendor executes a bond to make titles when the purchase money is fully paid, and he is unable to make a good title, the course of the purchaser is, to tender the purchase money, and de-

mand a title, or at least, in a suit to enjoin proceedings for collecting the contract price, to aver the readiness to pay upon a sufficient title being made.

Writ of Error to the Court of Chancery for the fourth District.

THE case made by the bill is this:

Smith, the complainant, in 1838, contracted to purchase from Robinson, the defendant, certain lands described in the bill, at the price of $1230, for which he gave his notes—one for $600, payable 1st January, 1839—one for $300 payable 1st January, 1840—and another for $330, payable 1st January, 1841—Robinson executed a bond, conditioned to make Smith title in fee simple when these notes should be fully paid. Smith took possession of the lands, and retained possession for several years, in the course of which he paid 450 dollars on the note first coming due, and executed other notes for the residue of the sum of that note. Sometime after the payment of this sum, Smith ascertained, as he alledges, that Robinson had not a good title in fee to the lands sold, and that the real title was in one Harden, who at the time of filing the bill was dead, and who, previous to his death, had removed from this State to parts unknown. The heirs of Harden are alledged to be minors, but they are not parties to the bill. The complainant asserts that Robinson's only title to the lands is derived under a deed of trust executed to him by Harden. This is made an exhibit, and conveys the lands sold by Robinson to Smith, to the former, with other property, on the nominal consideration of one dollar, reciting also that Robinson had become his surety for the sum of $2,000, in a recognizance to appear and answer a certain criminal charge, and assumed other liabilities for him to the extent of $1050. The deed proceeds to declare, that the object in executing it is to secure Robinson against these liabilities, and if Harden should appear according to the recognizance, and discharge the other debts for which

Robinson was liable for him, then the property conveyed was to revert to him again, but in the event he should make default in any of the said matters, then Robinson was invested with power to dispose of, bargain, sell and make titles to the whole, or any part of the property conveyed, so as to indemnify himself from any damage which might accrue from the default.

The complainant asserts, that previous to the sale by Robinson of the lands, he had sold a sufficiency of the other property conveyed by the deed to indemnify himself, or nearly so, against all the liabilities, except that arising out of the recognizance, from which he has been discharged by the Governor of the State, and that the remainder of his liability might have been met by a sale of part of the lands.

In view of these facts, complainant insists, the sale to him was without authority, and that having applied to Robinson for a rescission of the contract, he abandoned the lands.

The bill proceeds to show, that judgments have been obtained against the complainant, and some money paid on the outstanding notes. It concludes with a prayer that the contract may be rescinded and the complainant reimbursed what he has paid.

The chancellor, on motion of the defendant, dismissed the bill as containing no equity, although at the time of making this motion, the defendant was in contempt for not answering the bill.

This decree is assigned as error.

Pope, for the plaintiff in error, insisted—

1. The defendant being in contempt, could not be heard on a motion to dismiss. [Massena v. Bartlett, 8 Porter's R. 277.]

2. When a person having no title sells lands belonging to a third person, who dies before the period of payment, or before the title passes, equity will relieve against the contract for purchase and rescind it although there is no fraud. [Bullock v. Bemis, 1 A. K. M. 434; 3 Cranch, 137; 1 Dev. Eq. 18;

Wellborn v. Tiller, 10 Ala. 305; Cullum v. Bank, 4 Ala. 21; Young v. Harris, 2 Ib. 112.]

CHILTON, contra, cited Brown v. Parish, 2 Dana, 8; Camp v. Camp, 2 Ala. Rep. 632; Spence v. Duren, 3 Ib. 251; Long v. Brown, 4 Ib. 622.

GOLDTHWAITE, J.—1. It is true, as a general rule, that a defendant to a suit in equity, who stands in contempt of the process of the court, will not be heard in the introduction of any new matter before the court, or to take merely formal objections to the proceedings. [Massena v. Bartlett, 8 Porter, 277.] But we apprehend this rule has never been considered as precluding the dismissal of a bill which has no equity on its face. Indeed, the 31st rule expressly provides that a defendant may *at any time* move to dismiss the bill, or dissolve an injunction for want of equity. [Dig. 616, § 31.]

2. On the merits of the bill, we entirely agree with the chancellor, that it contains no case for relief. When the conveyance from Harden is looked to, it will be seen he invests his creditor with the legal title to the lands which the complainant subsequently contracted to purchase, and expressly authorized the defendant to *dispose of, bargain, sell, and make titles* to the whole, or any part of the property conveyed, so as to indemnify himself from any damage which might arise from a default. Now, under this general power, it is very clear that neither Harden or his heirs can controvert the right of the complainant to have the title under his contract, although the defendant may have been relieved afterwards from his recognizance for Harden's appearance. It does not appear from any allegation of the bill, that at the time of the contract of sale, the defendant had not the right to sell by the terms of the trust deed. This allegation is essential, if the bill is to be considered as alledging a want of authority to sell, and renders it fatally defective.

3. If, in point of fact, the defendant was unable to make a good title in performance of his contract, it is not to be supposed, that by equitable rules he would be permitted to

coerce the purchase money from the complainant, but we apprehend his course under such circumstances would be to tender the money and demand a title, or at least, in a suit to enjoin proceedings for collecting the contract price, to aver his readiness to pay upon a sufficient title being made. [See Cullum v. Bank, 4 Ala. Rep. 21, and cases there cited.] It is unnecessary, however, to consider the case is this aspect, as the bill is not framed to meet it.

Decree affirmed.