## W. AND E. B. KINKEAD v. B. SHREVE.

To maintain an action on a bond made by defendant to plaintiffs, conditioned that if the obligor "shall, on or before the fifteenth day of April, 1859, make, execute and deliver to said W. and E. B. Kinkead, a quit claim, good and sufficient deed " to certain premises, "provided, that on or before the fifteenth day of April, 1859, W. and E. B. Kinkead do well and faithfully pay to B. Shreve, or order, certain promissory notes," etc., demand by the obligees upon the obligor to make the deed according to the bond, is essential.

APPEAL from the Seventh District.

Suit by Wm. Kinkead and Elizabeth B., his wife, on a bond executed by defendant, B. Shreve, in favor of plaintiffs.  The condition of the bond is that " if the above bounden obligator shall, on or before the fifteenth day of April, 1859, make, execute and deliver unto the said Wm. and E. B. Kinkead a quit claim, good and sufficient deed to the undivided half of a certain piece or parcel of land," etc.  " Provided, that on or before the fifteenth day of April, 1859, Wm. and E. B. Kinkead do well and faithfully pay to B. Shreve, or order, certain promissory notes of hand for the sum of," etc., then this obligation on bond for a deed to be void.  Otherwise, if said Shreve should fail to deliver said deed after payment of said notes, this obligation to remain in full force and effect."  The answer denies that any demand was ever made for the deed, etc.

Certain issues were submitted to the jury, and among them these two :—1st. " Did the plaintiffs, Wm. Kinkead and wife, on or before said fifteenth day of April, 1859, demand of the defendant the execution and the delivery of the deed mentioned in said bond to them, the said Wm. Kinkead and E. B. Kinkead, his wife ?  2nd. Did plaintiffs, or either of them, demand a deed of defendant after April 15th, 1859 ? "  To both of which the jury answered " No."

Judgment for defendant; plaintiffs appeal.

*W. W. Theobalds*, for Appellants.

*M. S. Chase*, for Respondent, to the point that demand for a deed was necessary, cited 3 Wend. 250 ; 7 Id. 131 ; 6 Cow. 13 ; 11 Ala. 840 ; 15 Pick. 546 ; 2 Edw. 78 ; 7 S. & M. 217 ; and to

the point that appellants should have tendered a deed and demanded of defendant his execution thereof, cited 1 Sugden, 308–11; 5 Pike, 421; *Goodale* v. *West*, 5 Cal. 341.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Suit on a bond for $1000, conditioned that if the obligor "shall, on or before the fifteenth day of April, 1859, make, execute and deliver to obligees a quit claim, good and sufficient deed" to certain premises, "provided, that on or before the fifteenth day of April, 1859, obligees do well and faithfully pay to B. Shreve, or order, certain promissory notes," etc. Plaintiffs aver demand for the deed and refusal: but the finding is that no demand was made. The judgment of the Court was in favor of defendant. One of the questions in the case, and which is decisive of it, is, whether it was necessary to prove a demand by the obligees of this bond upon the obligor to make the deed according to the agreement.

The weight of authority is that a demand must be made. (11 Ala. 840; 3 Wend. 250; 6 Cow. 13; 1 Denio, 546; 7 S. & M. 217; 2 Edw. 78; 5 Cal. 341.)

Judgment affirmed.