# Lyons *v.* Connor.

*Real Action in the Nature of Ejectment.*

1. *Voluntary signature and assent of wife; what sufficient proof of.* Prior to the statute of April 23, 1873, the execution of a deed by the wife, and her acknowledgement of its execution, certified in the form prescribed by statute for certificate of probate of conveyances, satisfied the constitutional requirement of the wife's voluntary signature and assent to the alienation of the homestead.

2. *Homestead exemption; when can not be claimed against mortgage.* If, at the time of the execution of a mortgage on lands, they are not impressed with the character of a homestead, a subsequent occupation of them for that purpose by the mortgagor and his wife, will not constitute them a homestead as against the mortgage; nor enable him to resist ejectment on the ground that the mortgage did not receive the voluntary signature and assent of the wife, as required by the Constitution in the alienation of the homestead.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

[Lyons v. Connor.]

This was a real action in the nature of ejectment, brought by the appellee, Elizabeth Connor, against the appellant, T. B. Lyons, to recover a certain tract of land in the city of Mobile. The case was tried at the summer term, 1874, and resulted in verdict and judgment for the appellee.

Appellee deduced title as follows : On the 16th day of May, 1871, Lyons, who was the owner of the premises, together with his wife, executed a mortgage upon them to secure a certain indebtedness to one DePras. This conveyance was signed by Lyons and his wife, in the presence of an attesting witness, and on the same day was acknowledged by them, before a notary public, who certified the acknowledgment, according the form given in section 1548 of the Revised Code.

The indebtedness to DePras not having been paid at maturity, the premises were advertised and sold in pursuance of a power in the mortgage, and a conveyance executed to Mrs. Connor, who became the purchaser at the mortgage sale on the first day of July, 1873.

When plaintiff introduced these conveyances, Lyons objected to them severally, but his objections were severally overruled, and he duly excepted. The bill of exceptions, which states that it contains all the evidence, then recites it was shown that " defendant is a married man, and resides with his wife on the land in controversy." The court charged the jury, if they believed the evidence, to find for the plaintiff; and the defendant duly excepted.

The charge of the court, and the refusal to exclude the deeds offered in evidence, are now assigned as error.

ALEX. McKINSTRY, for appellant.—The form of acknowledgement in this case is not sufficient to show the " voluntary signature and assent of the wife," as required by the Constitution. It was shown that the premises were the homestead of a married man.

JOHN R. TOMPKINS, contra.

BRICKELL, C. J.—If it was conceded that the certificate of a probate of conveyance of real estate, in the form prescribed by the statute for conveyances generally, is not sufficient under the Constitution to show the voluntary assent and signature of the wife to an alienation of the homestead, the concession would not avail the appellant. While the evidence may show that he was married, and a resident of

[Thompson v. Campbell.]

the State, when the mortgage was executed, it is not shown the premises mortgaged were then his homestead. It is shown that at the time of the trial, more than three years after the execution of the mortgage, he was residing on the premises, and at that time he could have asserted a claim of exemption if they had not been encumbered by the mortgage. But it is not shown that when the mortgage was executed he was occupying or claiming them as a homestead. For aught that appears, his homestead was elsewhere, and even after suit commenced, he may have moved on and occupied the premises, then first asserting a claim to them as a homestead. In another case, at the present term, we have decided that prior to the statute of April 23, 1873, (Pamph. Acts, 1872-3, 64), the execution of a deed by the wife, and her acknowledgment of the execution, certified in the form prescribed by the statutes for the certificate of probate of conveyances, satisfied the constitutional requisition of voluntary assent and signature.

We find no error in the record, and the judgment must be affirmed.