# Madden *v.* Floyd.

*Bill in Equity to Foreclose Mortgage.*

1. *Decree pro confesso no bar to motion to dismiss bill for want of equity.*—Under the statute and rules of practice (Code of 1876, § 3826; Rule Ch. Pr. 76), a decree *pro confesso* against a defendant will not preclude him from moving to dismiss the bill for want of equity.

2. *Mortgage; when description of mortgagor sufficient:*—The description of the grantor in a mortgage of real estate is sufficiently certain, if his

[Madden v. Floyd.]

identity can be worked out through a proper application of the maxim, *Id certum est quod certum reddi potest.*

3. *Same.*—A mortgage of real estate is not void for uncertainty in the description of the mortgagor, which is signed by three persons, no one of whose names appears therein except at the place of signing, otherwise than under the general designation of the pronouns "I," "my" and "me," when the note secured thereby is particularly described in the mortgage, and it is manifest, on construing the note and mortgage together, who the person is that was intended to be described in the mortgage as the maker thereof.

4. *Statute of frauds; what case not affected thereby.*—The statute of frauds has no application whatever to a case where the surety having paid the debt of his principal, seeks reimbursement by the foreclosure of a mortgage executed to him by the principal to indemnify him against loss resulting from his suretyship.

5. *Decree pro confesso; when taken too soon.*—A defendant having thirty entire days within which to answer or plead to a bill in equity after service of the summons, a decree *pro confesso* rendered on the thirtieth day, is taken one day too soon and is erroneous.

6. *What not a ground of assignment of error on appeal from interlocutory decree.*—The irregular and erroneous rendition of a decree *pro confesso* can not be assigned as error on an appeal taken by a defendant, under the statute, from an interlocutory decree of the chancery court, overruling a motion to dismiss the bill for want of equity.

APPEAL from Lee Chancery Court.

Heard before Hon. N. S. GRAHAM.

Mrs. A. A. Madden, a *feme sole*, one of the appellants, being indebted to one John R. Scott, executed to him her promissory note with John W. Floyd, the appellee, as her surety, for the amount of such indebtedness; and afterwards she executed and delivered to the appellee a mortgage on real estate situate in Lee county, to indemnify and hold him harmless from any loss which he might sustain by reason of his suretyship. Mrs. Madden failed to pay the note at its maturity, and thereupon the appellee paid it; and he afterwards filed the bill in this cause to foreclose the mortgage executed to him by her as above stated. The mortgage was also signed by two daughters of Mrs. Madden, one of whom had died, and the other had married before the filing of the bill. Mrs. Madden and her married daughter and the husband of the latter are made parties defendant to the bill, and it is averred, that the deceased daughter had no interest in the lands conveyed by the mortgage at the time of its execution. The note and mortgage are made exhibits to the bill. The granting clause of the mortgage is in these words: "Know all men by these presents, that whereas John W. Floyd did on the 17th day of October, 1875, join with *me* in executing a promissory note for the sum of eight hundred and twenty-five dollars, payable to John R. Scott or bearer, on or before the 15th day of November, 1876, and dated the 17th day of October, 1875; and whereas, the said John W. Floyd in executing said note with me did so as *my* security for

[Madden v. Floyd.]

the payment of said sum of money, he deriving no benefit what-
ever, or consideration from said payee of said note: Now, in
view of the premises, and to hold the said John W. Floyd harm-
less and to indemnify and secure him from any loss, should he,
by virtue of his having become *my* security on said note, have
to pay any part of, or all of said note after the same becomes
due, and for the further consideration of one hundred dollars
to *me* in hand paid, the receipt whereof is hereby acknowledged,
*I* have this day, and do by these presents grant, bargain, sell
and convey unto the said John W. Floyd," etc. The attesting
clause of the mortgage is in these words: "In witness whereof
*I* have set *my* hand and seal this 4th day of April, 1876."
The name of neither party signing the mortgage appears at any
place therein except at the place of signing; nor is there
any other reference to the grantors therein than under the
general designation of the pronouns " I," " my " and " me."
Decrees *pro confesso* were taken against the defendants on the
thirtieth day after service, they having failed to answer. Sub-
sequently they made a motion before the register to set aside
the decrees *pro confesso* rendered against them, on the ground
that they were entered too soon, but this motion was refused
by the register, and they appealed to the chancellor. The cause
was submitted on that appeal and also on a motion to dismiss
the bill for want of equity; and the chancellor entered a decree
sustaining the register, and overruling the defendants' motion
to dismiss.

These rulings are assigned as error.

J. W. CHILTON, for appellants.—(1). The mortgage does not
mention the name of any grantor, nor does it describe the *per-
son* of any of the defendants so that the grantor's identity
might be established under the maxim, *Id certum est*, etc. The
transaction recited in the mortgage does not describe the *person*
of the grantor, and it might be as applicable to one of the sign-
ers of the mortgage as to the other. It has been frequently deci-
ded, that when the name of one person occurs in the deed as
grantor, but the instrument is signed by *two*, the instrument is
not the deed of the person not named as grantee.—*Harrison
v. Simons*, 55 Ala. 514; *Hammond v. Thompson*, 56 Ala. 589;
*Jones v. Morris*, 61 Ala. 518; *Peabody v. Hewett*, 52 Me. 50;
*Agricultural Bank v. Rice*, 4 How. (U. S.) 225, 7 B. Mon.
545. See also 3 Wash. Real Prop. p. 263. It is, therefore, in-
sisted that the mortgage is void. (2). The bill alleges, in sub-
stance, that Mrs. Madden being indebted to Scott (*past due*),
she procured complainant to sign a note with her as her surety.
It expressly states, " there was no consideration passing to or
received by complainant." Under this state of facts Scott

[Madden v. Floyd.]

could not have recovered against Floyd.—*Jackson v. Jackson,* 7 Ala. 791. Can the complainant then recover in this case? (3). If the question can be considered on this appeal, it is submitted that the chancellor erred in refusing to set aside the decree *pro confesso,* as defendants were not allowed thirty days in which to answer or plead.—Code, § 2823; 117th Rule of Ch. Practice.

H. C. LINDSEY, *contra.*—(1). Our statute has determined how a conveyance is to be made. It must be signed at the foot by the contracting (granting) party.—Code of 1876, § 2145. See also Watts' & Troy's Ala. Form Book, form for warranty deed; Willard on Real Estate and Con. p. 381. (2). Whether the chancellor erred in refusing to set aside the decrees *pro confesso,* can not be considered on this appeal. It is not such an interlocutory decree as can be appealed from.—Code of 1876, § 3918. (3). The statute of frauds has no application to this case. Brandt on Suretyship and Guaranty, § 196; *Beal v. Brown,* 13 Allen, p. 114.

SOMERVILLE, J.—This cause is here on appeal from an an interlocutory decree of the chancellor, overruling a motion made to dismiss the bill for want of equity. The motion was made after a decree *pro confesso* on the bill, which had been entered on the thirtieth day after the service of the summons, and which the chancellor had declined to set aside on suggestion of its irregularity by the defendants.

We are of opinion that the appellants had the right to move to dismiss for want of equity notwithstanding the decree *pro confesso* against them. The general rule, it is true, is, that a defendant against whom such a decree has been rendered for failure to answer is considered as being in *contempt* and he can not ordinarily be heard for any purpose before the court.—*Mussina v. Bartlett,* 8 Port. 277. But the statute provides that he "can appear and contest a decree on the merits of the bill, or may appear before the register on a reference."—Code, 1876, § 3826. Rule number 76 of Chancery Practice further provides that "a defendant may *at any stage of the cause* move to dismiss a bill for want of equity, unless a similar motion has been made and determined."—Code, p. 172. The decree was clearly no bar to the motion, as has been heretofore expressly adjudged by this court.—*Thornton v. Neal,* 49 Ala. 590; *Smith v. Robinson,* 11 Ala. 840.

The bill is one filed by a surety, who has paid a mortgage debt, and its design is to sell the property expressly conveyed in the mortgage as an indemnity to hold him harmless. The mortgage debt is evidenced by a promissory note signed by the

[Madden v. Floyd.]

appellant, A. A. Madden, as principal, and the appellee, Floyd, as surety, and is fully described in the mortgage itself. The objection urged is, that the mortgage is void for uncertainty on the ground that it is signed by three persons, no one of whose names appears in the granting clause of the conveyance, otherwise than under the general designation of the personal pronoun "I." If the words in an ordinary promissory note are "I promise to pay," and there are many promisors, it is the several promise of each, as well as the joint promise of all.—1 Parsons' Bills and Notes, 251. It is unnecessary to decide that a similar rule applies to deeds and mortgages. The rule as to the latter is settled to be, that where several persons sign such a conveyance, and the names of one or more of them fail to appear as grantors described in the body of the instrument, those not so named are not bound, and it is not their deed.—*Harrison v. Simons*, 55 Ala. 510; *Peabody v. Hewett*, 52 Me. 50. The only object of description is obviously to distinguish one person from another, and it "seems to be sufficient if this is effected, though the true name of the party be not used, or even no name at all." The description is sufficiently certain, if the identity of the party can be worked out through a proper application of the maxim, *Id certum est quod certum reddi potest.*—3 Wash Real Prop. 236–37. This is easily done if we construe the mortgage and note together, which are parts of the same transaction and constitute but one contract, the one being fully described in the other. It is thus manifest that A. A. Madden, the principal in the note, is also the person intended to be described as the maker of the mortgage.

It is further insisted by appellants that the note secured by the mortgage, according to the allegations of the bill, is void under the statute of frauds as "a special promise to answer for the debt, default, or miscarriage of another," because it fails to express the consideration.—Code, § 2121. The statute, we think, has no application to the case. There is no effort to enforce the obligation of a guarantor. Here the surety has paid the debt, and the principal is liable to refund the amount as money paid on request. The original note has been discharged by payment, and a new debt has been created between new parties. It is not affected in any manner by the statute of frauds. Brandt on Suretyship, § 196; *Beal v. Brown*, 13 Allen (Mass.), 114.

The decree *pro confesso* was clearly taken one day too soon, the defendants having thirty entire days within which to answer or plead to the bill after service of the summons. Being rendered on the *thirtieth* day, under the usual, prescribed system of computation, it was irregular.—Code, § 3824; *Ib.* § 11; *Pittfield v. Gazzam*, 2 Ala. 325. This, however, constitutes no

[Boon v. The State.]

·sufficient ground for assignment of error, in the present status of the cause, as it is only here on appeal from the decree refusing to dismiss for want of equity, under the provisions of a special statute authorizing such appeals.

There is no error in the decree of the chancellor and it is .accordingly affirmed.