# Scott *v.* Simons.

*Statutory Real Action in nature of Ejectment.*

1. *Alienation of homestead under constitutional provisions; certificate of wife's signature and assent.*—Under the provisions of the constitution of 1868, as under the present, an alienation of his homestead by a married man, "without the voluntary signature and assent of his wife," was void and inoperative—would not support ejectment against the husband, nor operate against a subsequent conveyance by husband and wife; but, prior to the enactment of the statute approved April 23, 1873, no form being prescribed by which the voluntary signature and assent of the wife should be manifested, it was held sufficient for her to join with her husband in the execution of the conveyance, and to acknowledge it in the form prescribed by law for other conveyances by husband wife.

2. *Same. under act of April 23, 1873.*—By the statute approved April 23, 1873 (Sess. Acts 1872-3, p. 65), it was provided, that her voluntary signature and assent "must be shown by the examination of the wife, separate and apart from her husband, touching the same," before some one of certain designated officers; and the officer was required to certify in writing, indorsed on the conveyance, that she was known to him, or was made known to him, to be the wife of the grantor; and that she was

[Scott v. Simons.]

examined by him, separate and apart from her husband, touching her signature to the conveyance; and that she acknowledged, on such examination, that she signed the conveyance "of her own free will and accord, and without fear, constraint, or persuasion of her husband." The form thus prescribed "must be regarded as a negative upon all other modes of alienation," and must be strictly pursued, though a literal compliance may not be necessary.

3. *Same.*—The word *voluntarily*, when used alone in a certificate of acknowledgment, is not the equivalent of "*her own free will and accord, and without fear, constraint, or persuasion of her husband;*" and a certificate using that word, without more, is not a substantial compliance with the statute.

4. *Construction of revisory statutes.*—It is a settled rule of statutory construction, that a statute intended as a revision of the subject-matter of former statutes, and as a substitute for them, is, to the extent of the revision, a repeal of the former statutes.

5. *Parol evidence; admissibility of, in aid of defective certificate.*—When a certificate of acknowledgment is substantially defective, its deficiencies can not be supplied by the parol testimony of the officer who made it, and who took the acknowledgment.


APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. WM. B. Wood.

This action was brought by John Scott, against Mrs. Sarah E. Simons, to recover the possession of a tract of land, with damages for its detention; and was commenced on the 26th April, 1879. The plaintiff claimed the land under a mortgage executed to him by William Simons (the defendant's husband) and his wife, dated the 11th September, 1876, and given to secure the payment of three promissory notes, which fell due on the 1st January, 1877, 1878, and 1879, respectively. "It was admitted that said William Simons is dead, and the defendant is his widow; and that the land sued for, for which she defends, is in fact the homestead, and was the homestead of said Simons and wife when plaintiff's said mortgage was executed." The mortgage purported to have been acknowledged by each of the grantors, on the 20th September, 1876, before O. P. Tucker, notary public, and *ex officio* justice of the peace; whose certificate, as to the acknowledgment by the wife, was in these words: "I, O. P. Tucker, N. P.," &c., "hereby certify, that Sarah Elizabeth Simons, wife of Wm. Simons, whose name is signed to the foregoing conveyance, and who is known to me, was examined separately and apart from her husband, acknowledged before me on this day that, being informed of the contents of the conveyance, she executed her name to the same voluntarily on the day the same bears date. Given under my hand," &c. When the plaintiff offered this mortgage in evidence on the trial, as the bill of exceptions shows, the defendant objected to its admission, on the ground that the certificate "does not show that the said mortgage was acknowledged by her as required by law, and because said mortgage was not

[Scott v. Simons.]

signed or acknowledged by her as required by law." The court sustained the objection, and excluded the mortgage from the jury; to which ruling the plaintiff duly excepted. "There-upon, the plaintiff introduced said O. P. Tucker, the justice of the peace who signed and took said acknowledgment, as a wit-ness, and offered to prove by him that said acknowledgment was taken as required by the Code of Alabama; to which parol proof the defendant objected, and the court sustained the ob-jection; to which ruling plaintiff excepted." These rulings of the court are now assigned as error.

O'NEAL & O'NEAL, for appellant, cited Sharpe v. Orme, 61 Ala. 267; Cahall v. Citizens' M. B. Asso., 61 Ala. 233; Johns-ton v. Haines, 2 Ohio, 279; Wharton on Evidence, § 1053, and notes; Barnett v. Proskauer, 62 Ala. 486; Bradford v. Daw-son & Campbell, 2 Ala. 203.

BRICKELL, C. J.—The constitution of 1868 provided, that a mortgage, or other alienation of the homestead, by the owner, if a married man, should not be valid, without the voluntary signature and assent of the wife. The provision is embodied, in the same words, in the present constitution. It was not un-til April 23, 1873, that any particular form or mode for the ex-ecution of an alienation of the homestead was provided by the General Assembly, or any form or mode in which it should be made to appear that the signature and assent of the wife to such alienation was voluntary. Without such signature and assent, it was settled, that an alienation of the homestead was void. It would not support ejectment against the husband, nor operate against a subsequent conveyance by husband and wife; it was of no more validity than the deed of a married woman convey-ing lands, not executed and acknowledged as provided by stat-ute enabling her to convey.—McGuire v. Van Pelt, 55 Ala. 344; Miller v. Marx, Ib. 322.

In the absence of legislation, providing the manner of execu-tion by the wife of an alienation of the homestead, the require-ment of the constitution was regarded as satisfied, if she joined in executing the conveyance, and the execution was acknowl-edged and certified in the form prescribed for the convey-ance of her lands, or for the relinquishment of dower in the lands of the husband.—Miller v. Marx, supra; Lyons v. Con-nor, 57 Ala. 181; Forsyth v. Preer, 62 Ala. 443.

The act of April 23, 1873 (Pamph. Acts, 1872-3, p. 64), of force when the mortgage under which the appellant deduced title to the premises in controversy was executed, declared "that no mortgage, or other alienation of the homestead, by the own-er thereof, if a married man, shall be valid, without the volun-

[Scott v. Simons.]

tary signature and assent of his wife; which voluntary signature and assent must be shown by the examination of the wife separate and apart from the husband, touching the same, had before" one of certain officers named in the act.   The examination was required to be certified in wrtng, and indorsed in a specified form upon the conveyance.   The first requisite of the certificate was, that the person examined *was known, or made known* to the officer, to be the wife of the grantor; *second*, that she was examined separate and apart from the husband, touching her signature to the conveyance; *third*, that she acknowledged having signed it, " of her own free will and accord, and without fear, constraint, or persuasion of her husband."

The statute prescribing a particular mode for the alienation of the homestead—for the exercise by the wife of the power conferred upon her by the constitution, and by the statute enacted for the purpose of giving effect to the constitution—must be regarded as a negative on all other modes of alienation. The alienation, to be valid—to pass title to the homestead—must bear the evidence of the voluntary signature and assent of the wife the statute prescribed.   In a particular mode the statute required that it should be manifested her signature and assent was voluntary.   The power of the legislature to prescribe the mode in which the fact should be made manifest, can not be doubted.   When the mode is prescribed, if courts could say that it may not be followed—that another mode would be of equal value and effect—the exercise of legislative power would be vain.   The requisition of the statute can not be dispensed with, or disregarded.   It is not a matter of choice between a statutory and common-law mode of exercising a common-law right or power.   The power the wife exercises was unknown to, and is not derived from the common law.   Like the homestead estate, to which it is appendant and appurtenant, it is of constitutional and statutory creation, and must be exercised in the particular mode the statute may appoint.

For many years prior to the enactment of the act of April 23, 1873, the statutes had enabled married women to convey real estate, and to relinquish the contingent right of dower in the real estate of the husband.   A privy examination of the wife was dispensed with, and the conveyance was valid if her execution of it was attested by two witnesses, or acknowledged in the mode and certified by an officer having authority to take and certify the acknowledgment of conveyances.—Code of 1876, § 2161.   The form of the certificate of acknowledgment was an affirmation by the officer that the wife was known to him, and acknowledged before him that, being informed of the contents of the conveyance, she executed the same voluntarily.   As we have said, this mode of execution, acknowledgment and certifi-

. · [Scott v. Simons.]

cate, in the absence of a statute prescribing another, was a sufficient manifestation of the voluntary signature and assent of the wife to an alienation of the homestead. In this view, it is apparent the intention of the General Assembly was, that the act of April 23, 1873, should furnish the only rule by which it should be ascertained whether the wife had given to the alienation of the homestead her voluntary signature and assent; that the mode of execution of the alienation, and of certifying it, there prescribed, should supersede and exclude all other modes. It is a rule of statutory construction well settled, commended by the plainest justice, that a statute intended as a revision of the subject-matter of former statutes, and as a substitute for them, to the extent of the revision, is a repeal of the former statutes. As to the alienation of the homestead, the act of April 23, 1873, was a repeal of all former statutes, in their application to such alienation.

A comparison of the certificate of the wife's acknowledgment to the mortgage offered in evidence, with the certificate made indispensable by the act referred to, shows that there was not a substantial compliance with the act. The only word found in the certificate, expressing that the signature and assent of the wife was voluntary—the only word excluding fear, constraint, or persuasion of the husband—is the word *voluntarily*. If, under any circumstances, the acknowledgment of the wife that she executed a conveyance *voluntarily*, could be deemed the equivalent of an acknowledgment that she executed it " of her own free will and accord, and without fear, constraint, or persuasion of her husband," it cannot, without a violation of the legislative intention, be deemed the equivalent under the act referred to. If it should be so taken and construed, the result would be, that a certificate of acknowledgment conforming to the former statutes, which were superseded, if made on a privy examination of the wife, would be sufficient. The word *voluntarily*, under the forms prescribed by those statutes, expressed that husband or wife, in the execution of a conveyance, was acting freely. The act of April 23, 1873, required that the certificate of acknowledgment should express more than was comprehended under the word *voluntarily*, as found in the pre-existing statutes,—the word in such statutes applying alike to husband or wife. The act intended the exclusion of the influence of the husband in producing assent of the wife to the alienation of the homestead. The protection of the wife from being tortured by fear, constrained by the domination of a stronger will, or seduced by the flattery, importunity, solicitation, or suasion of the husband, was the purpose of the· act. And it was intended that, on the privy examination, it should be made manifest to the officer taking it, that it was of her own

[Alexander v. Alexander.]

volition, unmoved by the influence of the husband, she signed and assented to the alienation. The certificate of the examination indorsed on the alienation, it was intended, should manifest clearly, not only that the wife was acting from her own volition, but should negative the influence of the husband in producing the determination. Certificates of the probate or acknowledgment of conveyances have been liberally construed by this court. A literal compliance with statutory forms has not been, and should not be exacted. But the court can not disregard the plain intention and injunction of a statute, and dispense with substantial requirements of a certificate required by statute. *Sharpe v. Orme*, 61 Ala. 263. Whether the certificate is not in other respects fatally defective, we do not decide. It is enough that it does not conform to the statute in the respect pointed out, and which was the ground of objection in the Circuit Court

Parol evidence was not admissible to supply the deficiencies in the certificate of acknowledgment. The examination and acknowledgment of the wife, the officer is required to certify, can not rest partly in parol, and partly in writing. What the statute required to be done, reduced to writing, and certified, must appear from the certificate of the officer. It is not of the least importance whether there was a privy examination, an acknowledgment by the wife of every fact rendering her signature and assent voluntary, or not. It is not the fact alone, of such examination and acknowledgment, the act made an indispensable element of a valid alienation of the homestead, but the certificate of the fact indorsed on the alienation. With this certificate courts can not dispense, and substitute for it the evidence of the officer, speaking subsequent to the transaction he ought to have committed to writing.—*Elliott v. Piersol*, 1 Peters, 328; *Watson v. Bailey*, 1 Binney, 470; *Hayden v. Westcott*, 11 Conn. 129; *O'Ferrall v. Simplot*, 4 Iowa, 381; *Lindley v. Smith*, 46 Ill. 524.

The judgment of the Circuit Court must be affirmed.