# Gates *v.* Hester.

### *Statutory Action in the Nature of Ejectment.*

1. *Mortgage or alienation of homestead; sufficiency of certificate of acknowledgment by wife* —A certificate of acknowledgment by a married woman, uniting with her husband in a mortgage or other alienation of the homstead, is liberally construed ; and a literal compliance with the statutory form is not required, when other words of equivalent import are used.

2. *Same.*—Where the certificate, dated on the same day with the mortgage, states "that Amanda H., wife of R. B. H., whose name is signed to the foregoing mortgage, and who is known to me, acknowledged before me on this day, after being examined separate and apart from her said husband, that she executed the same voluntarily, without any fear, threats or compulsion of her said husband, and for the purpose therein expressed," it shows a substantial compliance with all the statutory requirements (Code, § 2822), and is sufficient.

3. *Same.*—"Any portion of the deed may be examined to give effect and meaning to a certificate, which is apparently defective."

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

This was a statutory real action in the nature of ejectment by the appellant, F. A. Gates, against the appellee, Robert B. Hester. The land sued for was the homestead of the defendant, who was a married man, and the plaintiff claimed title under a mortgage executed by the defendant and his wife. On the trial, the defendant objected to the introduction of the mortgage, on the ground, that the certificate of acknowledgment as to the wife was insufficient. The court sustained the objection and the plaintiff took a non-suit, reserving the point by a bill of exceptions for the decision of this court. The certificate is set forth in the opinion.

WATTS & SON, for appellant.—It is not necessary that the exact words of the form be used ; all the law demands is a substantial compliance with the form.—*Sharpe v. Orme*, 61 Ala. 263; *Scott v. Simmons*, 70 *ib.* 352 ; 73 *ib.* 553. The body of the deed may be looked to in connection with the certificate.—*Sharpe v. Orme, supra.*

BRICKELL, SEMPLE & GUNTER, and JAMES W. BOLTON, *contra.*—The word "voluntarily" is substituted for "of her own free will and accord." This cannot be done without a violation of the legislative intent."—*Scott v. Simmons*, 70

[Gates v. Hester.]

Ala. 356. Again, "compulsion" is substituted for "constraint." These words are not entirely synonymous. "Compulsion" implies an active force, substituting the will of the one who exercises the force for that of the one who does the act. "Constraint" is the mere binding or restraining the exercise of the will of another. See Crabb as cited in Webster's Dic. The assent may well have been given without "compulsion," and yet have been made under constraint." There is an entire omission in the certificate, to state the purpose or subject of the examination by the officer.

CLOPTON, J.—The certificate of acknowledgment, attached to the mortgage under which appellant derives title to the land for which he sues, recites "*that Amanda Hesler, wife of R. B. Hester, whose name is signed to the foregoing mortgage, and who is known to me, acknowledged before me on this day, after being examined separate and apart from her said husband, that she executed the same voluntarily without any fear, threats, or compulsion of her said husband, and for the purpose therein expressed.*" Such certificates should, and always have received a liberal construction by this court. Literal compliance with the statutory forms is not exacted. To avoid making the security and validity of titles dependent on strict phraseology, the settled rule of construction in respect to such certificates is, that a substantial compliance is sufficient. While, in order that there may be substantial compliance, words must be used of equivalent import and meaning with those employed to express the legislative intent, nice shades and distinctions of signification, and mere verbal criticisms should not be observed nor regarded.

In prescribing a form of certificate, the purpose is to procure satisfactory and permanent evidence of the voluntary signature and assent of the wife in conformity with the constitutional mandate, that a mortgage or other alienation of a homestead by the owner, if a married man, shall not be valid without such signature and assent. To this end, a form is provided, the substantive requisites of which are, that the person who comes before the officer to be examined is known, or made known to him to be the wife of the grantor; that she was examined separate and apart from her husband touching her signature to the conveyance; and acknowledged that she signed the same, "of her own free will and accord, and without fear, constraints, or threats on the part of her husband." Code, 1876, § 2822. If by the certificate in question, the officer has substantially certi-

fied these essential facts, a compliance with the statutory requisites is shown, and the sufficiency of the certificate must be upheld, when the rule of construction, settled by the judicial decisions independently of the statute, and affirmed by the statute, is applied.

It was intended, by requiring the officer to certify that the person examined is known, or made known, to him to be the wife of the grantor, to prevent another from personating the wife. " Any portion of the deed may be examined to give effect and meaning to a certificate, which is apparently defective."—*Bradford v. Dawson*, 2 Ala. 203. The mortgage and the certificate considered together show, that Amanda Hester, named in each as the wife of the mortgagor, and who signed the same, is the same person who was examined by the officer, and who, he certifies, is known to him. The mortgage and the certificate bear the same date, manifesting, that the signature and the examination were on the same day. By a comparison and examination of them, the supposed failure of the officer, to certify that the person examined is known to him to be the wife of the mortgagor, is supplied. The recitals of the certificate are untrue unless she was known to the officer to be the wife of the mortgagor. It is also insisted, that the certificate is defective in not showing that the wife was examined touching her signature to the conveyance. A comparison of its several parts dissipates this supposed defect. Construing it as a whole, it is manifest that the examination related, and could only relate to her signature to the mortgage. The remaining objection rests on the nature and effect of the acknowledgment—the words *voluntarily* and *compulsion* being used in the certificate, instead of the statutory words, *of her own free will and accord* and *constraint*. The purpose of the statute is, to exclude the influence of the husband in any mode, other than by proper persuasion ; and that on privy examination, it should appear satisfactorily to the officer, that her signature and assent were of her own volition, not moved by the husband. Hence, it has been held, that the word *voluntarily* is not by itself sufficient; but that the certificate must also negative that her signature and assent were produced by fear, constraints, or threats on the part of the husband.—*Scott v. Simmons*, 70 Ala. 352. A voluntary act proceeds from one's own free will; done by choice or by one's own accord ; unconstrained by external interference, force, or influence ; not prompted or suggested by another. Wor. Dic.; Imp. Dic. *voluntarily* expresses by the use of one word all the force and meaning of the phrase, *of her own free will and*

*accord.* Compulsion and constraint are synonyms, when used in reference to extrinsic power, force, or influence, as when exercised by one person on another. Mrs. Hester's acknowledgment that she signed the mortgage "voluntarily, without any fear, compulsion, or threats of her said husband," is of equivalent import and meaning with the expression "of her own free will and accord, and without fear, constraints, or threats on the part of her husband."

While we regret that even verbal departures from the statutory forms should ever occur, and such departures should not be favored because of their effect upon the security of titles, and their tendency to encourage litigation, we are forced by the rule of liberality of construction, to hold that the certificate of the wife's acknowledgment to the mortgage is substantially in the form prescribed by the statute.

Reversed and remanded.