# Jones *v.* Roper.

### *Statutory Action in nature of Ejectment.*

1. *Alienation of homestead.*—A mortgage of the homestead executed prior to the 23d April, 1873, signed by husband and wife jointly, and acknowledged by them, or attested and proved, in the form then prescribed for ordinary conveyances, is valid and effectual as an alienation of the homestead under constitutional provisions.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Annie Roper, the widow of Jerry Roper, deceased, both former slaves, against Sumter Jones and another, tenants in possession, to recover a tract of land containing about 200 acres; and was commenced on the 23d October, 1885. The cause was tried on issue joined on the plea of not guilty, and resulted, under the charge of the court, in a verdict and judgment for the plaintiff for eighty acres of the land, as her homestead interest. On the trial, as the bill of exceptions shows, it appeared that the tract of land was bought by said Jerry Roper, and conveyed to him by deed, in 1868, and was occupied by him and his said wife as their homestead; that on the 5th April, 1873, he conveyed the deed, by mortgage for advances, to W. W. Wilkinson, his wife joining in the instrument, which was attested by two witnesses, and admitted to probate on proof by one of them, in the form prescribed for ordinary conveyances; that in 1877 they surrendered the land to said Wilkinson, and moved to another place; that Wilkinson afterwards sold the land to one Kennedy, who sold to one Wimberly, who sold to the defendants; and that Jerry Roper died in December, 1882. Other mortgages were offered in evidence by the defendants, but were excluded by the court, against the objection and exception of the

defendants. The court charged the jury, "that they must, if they believed the evidence, find for the plaintiff, for the eighty acres of land which was the homestead of Jerry Roper on the 5th April, 1873." The defendants excepted to this charge, and they here assign it as error.

JOHN GAMBLE, and J. C. RICHARDSON, for appellant, cited 3 Brick. Digest, 497, §§ 110, 113–15, 120.

J. M. WHITEHEAD, *contra*, cited *DeGraffenreid v. Clark*, 75 Ala. 425.

SOMERVILLE, J.—The defendants are shown to hold the land, for the recovery of which the suit is brought, by privity of title with Wilkinson. If Wilkinson, therefore, could not have been ejected by reason of the superiority of his title, neither can the defendants.

Wilkinson's title was clearly good against the plaintiff, by virtue of the mortgage executed to him by the plaintiff and her deceased husband, Jerry Roper, bearing date April 5th, 1873, and duly attested and probated. The mortgage being executed prior to the statute of April 23, 1873, and the wife having joined in the execution of the conveyance, and it being attested and probated in the form prescribed by statute for ordinary conveyances, the requirements of the constitution of 1868 were fully satisfied as to the wife's voluntary signature and assent to the alienation of the homestead. The mortgage, therefore, conveyed the land upon which the homestead was situated, without any examination of the wife separate and apart from her husband, certified to as required by the act of April 23, 1873.—Code of 1876, § 2822; Code of 1886, § 2508, and cases there cited; *Cahall v. Citizens Mut. Building Asso.*, 61 Ala. 232; *Miller v. Marx*, 55 Ala. 322; *Lyons v. Conner*, 57 Ala. 181; 3 Brick. Dig. p. 497, § 113, and cases cited. A mortgagor can not recover in ejectment against a mortgagee who is in adverse possession after the law-day of the mortgage. No more can one who claims under the mortgagor recover against one holding by privity of title with the mortgagee, unless the conveyance is void.

Conceding that the other mortgages, sought to be introduced in evidence by the defendant, were properly ruled out, the defendants were nevertheless entitled to a recovery, under the title conveyed to Wilkinson by the mortgage of Roper and wife, executed April 5th, 1873.

The court erred in giving the general affirmative charge to find for the plaintiff if the jury believed the evidence, The defendants would have been entitled to such a charge, had it been properly requested.

Reversed and remanded.