# Frederick v. Wilcox.

## Ejectment.

1. *Execution of mortgage; grantors not named in body of instrument.*—The omission of the names of the grantors from the body of a mortgage does not render it invalid, when it appears from the whole instrument that it was the mortgage of the persons whose names are subscribed thereto.

2. *Acknowledgments; construction of; when sufficient.*—A literal compliance with the statutory forms of acknowledgments to conveyances is not exacted. In determining whether the statute has been fairly complied with, the acknowledgments may be read in connection with the deed, and with each other.

3. *Separate acknowledgment of wife.*—The separate acknowledg-
ment of the wife is liberally construed. The omission of the
name of the husband therein, by leaving a blank, is not fatal,
if shown by the entire instrument.

APPEAL from Bibb Circuit Court.

Tried before Hon. JOHN MOORE.

Louis Frederick sued James Wilcox and Willis Owens
to recover possession of lands. The defendants pleaded
not guilty. The plaintiff introduced evidence tending
to show title and possession prior to the bringing of his
suit. The defendants then offered in evidence a mort-
gage executed by the plaintiff, Louis Frederick, and A.
E. Frederick, his wife, to the defendant, James Wilcox.
The plaintiff objected to the introduction of said mort-
gage in evidence because of certain defects of form in
the mortgage and acknowledgments thereto, which are
set out in the opinion. The court overruled the objec-
tions, and plaintiff excepted. Thereupon plaintiff took
a non-suit with bill of exceptions, and assigns said rul-
ings of the court as error.

CATO D. GLOVER, for appellant.—(No brief came to
the hands of the reporter.)

LOGAN & VANDEGRAFT, *contra.*—That the names of the
grantors did not appear in the body of the mortgage, was
no valid objection thereto.—*Harrison v. Simmons,* 55
Ala. 510; *Agricultural Bank v. Rice,* 4 Howard, 223; 65
Ala. 328; 69 Ala. 225, 328; 90 Ala. 381, 472. A mort-
gage is construed most strongly against the grantor.—
*Homer v. Schoufield,* 84 Ala. 314; *Sharp v. Orme,* 61 Ala.
623; *Gate v. Hester,* 81 Ala. 357. In passing upon the
sufficiency of the acknowledgment, the whole instru-
ment must be looked to.—*Bradford v. Dawson,* 2 Ala.
203; *Sharpe v. Orme,* 61 Ala. 266; *Homer v. Schoufield,*
84 Ala. 315; *Daniel v. Lowry,* 92 Ala. 519; *Motes v. Car-
ter,* 73 Ala. 553; *Hood v. Powell,* 73 Ala. 171.

HARALSON, J.—The mortgage in this case admitted
in evidence against plaintiff's objection, does not con-
tain the names of the husband and wife as grantors in
the body of the instrument, but it is signed by each of
them at the conclusion under its signing clause. In-
stead of the names of the grantors being set out, the

mortgage, in recital of consideration, states "that the undersigned is justly indebted to James Wilcox in the sum of two hundred dollars, etc." * * * * * "and for the purpose and consideration of securing the same, the undersigned have this day bargained, sold and conveyed, etc.," and concludes, "Witness our hands and seals, etc." This was quite sufficient to distinguish the grantors, and make it appear that each signed it, as much so as if their names, as they respectively appear at the place of signing, had been inserted in the body of the deed.—*Sheldon v. Carter,* 90 Ala. 380; *Madden v. Floyd,* 69 Ala. 221.

2. The acknowledgment of the wife to the mortgage, to make it effectual to pass the homestead, was in conformity with the statute, except that the name of the husband is not therein stated at the place therefor in the form of the acknowledgment set out in the Code. The certificate of the justice recites, "came before me the within named A. E. Frederick, known to me to be the wife of the within named ——————, who being examined separate and apart, etc." Following this separate acknowledgment of the wife, at the same time and before the same justice, as appears, is the usual acknowledgment by the husband and wife, in all respects regular and full, except the certificate recites "Simpson L. Frederick and his wife, whose names are signed to the foregoing conveyance and who are known to me, acknowledged, etc.," without setting out the name of Mrs. Frederick, at it appears to the mortgage,—the words, "and his wife," being employed in the place of her name.

A literal compliance with these statutory forms of acknowledgment to conveyances is not exacted. It is sufficient if it appears that the statute has been fairly complied with; and in determining this, the certificate of acknowledgment may be read in connection with the deed;. and, as in this case, the two certificates may be read in connection with the mortgage and with each other.—*Sharpe v. Orme,* 61 Ala. 263; *Carlisle v. Carlisle,* 78 Ala. 544. Moreover, a certificate of acknowledgment by a married woman uniting with her husband in a deed or mortgage in alienation of the homestead, is liberally construed, and a literal compliance with statutory forms is not exacted. A substantial compliance is

sufficient.—*Gates v. Hester*, 81 Ala. 357. The description of the grantors is sufficiently certain, if their identity can be worked out through, and by reference to the conveyances and certificates of acknowledgment thereto, the identity of the parties being clearly shown by reference the one to the other, and this, on the maxim, *Id certum est quod certum reddi potest.—Madden v. Floyd*, 69 Ala. 221.

This disposes of the assignments of error. Finding no error in the rulings of the court below, its judgment is affirmed.

Affirmed.