(103 So. 655)

**SANFORD et al. v. EMPIRE LAND CO.** (6 Div. 273.)

(Supreme Court of Alabama. April 9, 1925.)

**1. Alteration of instruments** 🔑17—**Title vested by deed as executed not affected by alteration.**

Title or interest vested by a deed, as written and executed, is not affected by a change in deed after its execution.

**2. Alteration of instruments** 🔑28—**Altered deed may be adduced to prove title in grantee.**

Altered deed may be adduced in evidence to prove conveyance and title in grantee.

**3. Acknowledgment** 🔑29, 37(1)—**Literal compliance with statute not required for wife's acknowledgment; acknowledgment construed with deed.**

Literal compliance with statutory form is not required for wife's acknowledgment; it being sufficient if statute is substantially complied with, and in determining this, the certificate of acknowledgment may be read in connection with deed.

**4. Acknowledgment** 🔑37(1)—**Deed may be examined to give effect to defective certificate of acknowledgment.**

Any portion of a deed may be examined to give effect to an apparently defective certificate of acknowledgment by married woman, joining with husband, in alienating the homestead.

**5. Acknowledgment** 🔑37(1)—**Wife's certificate of acknowledgment liberally construed.**

Certificate of acknowledgment by wife, joining with husband in alienating homestead, is construed liberally in favor of the conveyance, though all statutory requirements must be observed.

**6. Acknowledgment** 🔑37(1)—**Wife's acknowledgment omitting date and wife's name held sufficient.**

Wife's acknowledgment *held* sufficient, when construed with a deed, which showed its execution by wife as one of the parties, although acknowledgment omitted her name as well as the date.

---

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Acknowledgment ☞36(1)—Omission of date from body of certificate does not vitiate acknowledgment.**

Omission of date from body of the certificate does not vitiate an acknowledgment otherwise sufficient.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bill in equity to quiet title by Mary Sanford and others against the Empire Land Company. From the decree, complainants appeal. Affirmed.

Ray & Cooner, of Jasper, for appellants.

The acknowledgment of the wife was ineffective, and the conveyance was void. Massey v. Smith, 73 Ala. 173; Dooley v. Villalonga, 61 Ala. 129; Long v. Mostyn, 65 Ala. 543; Shelton v. Aultman Co., 82 Ala. 315, 8 So. 282.

Nesbit & Sadler, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Appellants claim title to the land in controversy as widow and heirs at law of Absalom Sanford, deceased. Appellee claims through a series of conveyances running back to and including a deed executed by Absalom and Mary Sanford. The main question for decision is whether the wife's acknowledgment was so defective by reason of omissions, which will be stated, as to render it inoperative as a conveyance.

[1, 2] It is asserted on the one hand, and apparently conceded on the other, that the conveyance was changed in some respects after its execution. But that fact does not affect the title or interest vested by the deed as written and executed. Sharpe v. Orme, 61 Ala. 263; Alabama State Land Co. v. Thompson, 104 Ala. 570, 16 So. 440, 53 Am. St. Rep. 80; Gulf Red Cedar Co. v. O'Neal, 131 Ala. 117, 30 So. 466, 90 Am. St. Rep. 22, and cases cited. And the altered deed may be adduced in evidence to prove the conveyance and title in the grantee. Cases, supra. So then, in determining the validity and effect of the deed, we look to it and to the wife's acknowledgment as they were when executed, the originals having been certified to this court.

The wife's acknowledgment is in words and figures as follows:

"The State of Alabama, Walker county.

"I, Jas. L. Leonard, justice of the peace for the county and state aforesaid hereby certify that on the ―― day of ――, 1883, came before me the within named ――, known to me (or made known to me) to be the wife of the within named Absalom Sanford, who being examined separate and apart from her husband in reference to her signature to the within conveyance, acknowledged that she signed the same of her own free will and accord, without fear, constraint, or threats on the part of her husband.

"Given under my hand this 21st day of Nov. 1883.    J. L. Leonard, Justice of Peace."

The acknowledgment of the husband, owner of the property, requires no particular notice.

[3] As to the wife's acknowledgment, it is the settled law that a literal compliance with statutory form is not exacted. It is sufficient if the statute has been complied with substantially, and, in determining this, the certificate of acknowledgment may be read in connection with the deed to which it refers. Frederick v. Wilcox, 119 Ala. 355, 24 So. 582, 72 Am. St. Rep. 925.

"Any portion of the deed may be examined to give effect and meaning to a certificate, which is apparently defective." Bradford v. Dawson, 2 Ala. 203; Gates v. Hester, 81 Ala. 357, 1 So. 848; Penny v. Mortgage Co., 132 Ala. 363, 31 So. 96.

[4, 5] The same rule obtains in the case of the certificate of acknowledgment by a married woman joining with her husband in the alienation of the homestead. Such certificate is construed liberally in favor of the conveyance, though every essential requirement of the statute must be observed. Gates v. Hester, supra. One purpose—though not the only purpose—of the statute is to prevent one individual from personating another as grantor. Livingston v. Kettelle, 1 Gilman (Ill.) 116, 41 Am. Dec. 166; Penny v. Mortgage Co., supra.

[6] Construing the deed, which shows its execution by the wife as one of the parties, with the acknowledgment, we think there can be no escape from the conclusion that the officer taking the acknowledgment does in substance certify that a person known to him —or made known to him—to be the wife of the grantor, viz., Mary Sanford, being examined separate and apart from her husband in reference to her signature to the deed, acknowledged, etc. Livingston v. Kettelle, supra, is very much in point.

[7] The omission of the date in the body of the certificate does not vitiate the acknowledgment otherwise sufficient. Hobson v. Kissam, 8 Ala. 357.

It is the opinion of the court that the decree should be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes