(118 So. 563)

**EMPIRE LAND CO. v. SANFORD et al.**
**(6 Div. 72.)**

Supreme Court of Alabama. Nov. 8, 1928.

Nesbit & Sadler, of Birmingham, for appellant.

Ray & Cooner, of Jasper, for appellees.

GARDNER, J. Appellant claims to own the N. E.¼ of N. E.¼, section 15, township 16, range 7 west, Walker county, Alabama, and filed this bill against appellees (the widow and heirs at law of one Absolam Sanford, deceased), seeking reformation of a deed executed by said Absolam Sanford and wife to Musgrove Bros. in November, 1883, which deed constitutes a link in appellant's chain of title.

The bill discloses that the lands owned by said Sanford and intended to be conveyed were properly described as the N.½ of N. E.¼, said section and range, but that through mistake the description read, at the time of the delivery of the deed, the W.½ of N. E.¼, and that after delivery the deed was altered so as to change the "W." in "W.½" to an N., reading N.½, as was the correct description. As so altered, the deed was recorded. The alteration after execution and delivery was unauthorized and worked no change in the status of the title as held by this court in Sanford v. Empire Land Co., 212 Ala. 568, 103 So. 655, concerning this particular land.

The defendants in the instant case interposed a plea of res adjudicata, which the learned chancellor found fully sustained by the proof, and the decree dismissing the bill is rested upon the establishment of said plea. We are persuaded the ruling is correct.

It appears that in June, 1917, the respondents here filed against this complainant, Empire Land Company, in the circuit court of Walker county, in equity, the statutory (section 9905, Code of 1923) bill to quiet title to the N.½ of N. E.¼ and N.½ of N. W.¼, above noted section and range. Answer was duly filed by the Empire Land Company setting up its claim of ownership of the legal title to all the land and its source of title, specifying among others the above noted deed of Absolam Sanford and wife to Musgrove Bros. Upon rendition of the final decree on pleadings and proof in that cause, the court decreed favorably to the Empire Land Company as to all the land described in the bill except the said N. E.¼ of N. E.¼, as to which 40 acres it decreed adversely. Complainants in that cause (respondents here) prosecuted an appeal to this court, and the decree rendered was here affirmed. Sanford v. Empire Land Co., 212 Ala. 568, 103 So. 655.

The Empire Land Company did not set up in its answer any claim of equitable ownership or seek any relief by way of cross-bill on account of said alleged misdescription, but rested upon the deed in its altered form. That the deed had been changed in the manner above indicated was clearly made to appear from the proof in this former litigation, and the fact finds reference both in the opinion of the court below and in that of this court, cited supra.

In cases under the statute to quiet title, in the absence of affirmative relief sought by cross-bill, the sole question for determination is whether the respondent has any title to or interest in the property. Burkett v. Newell, 212 Ala. 183, 101 So. 836; Vaughan v. Palmore, 176 Ala. 72, 57 So. 488. "The purpose of the original bill is to ascertain what title, claim, interest, and incumbrance the respondent has, and not that of the complainant, and how and by what interest his title is derived." Vaughan v. Palmore, supra. "It was also not only proper but necessary, that the title so acquired and relied upon should be stated in the answer. The nature and purpose of the proceeding is such as to require an adjudication of the rights and claims of the parties at the time of the rendition of

the decree." Rucker v. Jackson, 180 Ala. 109, 60 So. 139, Ann. Cas. 1915C, 1058.

It is well settled that a judgment or decree pleaded in bar of a pending suit must have been rendered upon the merits of the cause (Haines v. Cunha, 217 Ala. 73, 114 So. 679), but when so rendered it is equally well settled that such judgment or decree "is conclusive against every defense that might have been made against it, whether pleaded or not" (Montgomery Iron Works v. Roman, 147 Ala. 434, 41 So. 811). The following quotation from Tankersly, Adm'r, v. Pettis, 71 Ala. 179, has found frequent repetition in subsequent cases:

"When, as in the present case, there is no question as to the jurisdiction of the court, or as to the identity of parties, the inquiry, whether the subject-matter of the controversy has been drawn in question, and is concluded by a former adjudication, is determined, when it is ascertained that the matters of the two suits are the same, and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is not, what the parties actually litigated, but what they might and ought to have litigated in the former suit. For the bar of a judgment or decree, if litigation is quieted and parties are not twice vexed for the same cause, must extend to all facts which are necessarily involved in the issue."

This rule applied to the instant case demonstrates the correctness of the decree rendered. The very purpose of the former bill was to quiet the title to this property—that is, determine whether or not respondent to that suit had any title, interest, claim, or incumbrance, and, if so, of what it consisted. The court may have as well decreed that respondent had an equitable interest as a legal one, and such equitable claim certainly could have properly been set forth in the answer, for, as said by the court in Whittaker v. Van Hoose, 157 Ala. 286, 47 So. 741, "the very wording of the statute places it upon the respondent to propound and prove his claim." The failure of a respondent to more fully propound his claim can have no effect upon the question here involved. It was a matter embraced or comprehended within the issues, and presented "what they might and ought to have litigated in the former suit." Indeed, the evidence in the former suit fully disclosed the very question forming the subject-matter of the present bill, and it finds comment in both the court below and in this court on appeal.

Moreover, the deed disclosed upon its face the alteration, and had written thereon a memorandum directing the change by one whom it is not pretended was authorized to act for the grantor, and, being in possession of respondent in the former litigation and a link in its chain of title, said respondent was charged with a knowledge thereof. Marks v. Cowles, 61 Ala. 299; Shorter v. Frazer, 64 Ala. 74.

Speaking to the question of res adjudicata here involved, this court in Cogburn v. Callier, 213 Ala. 38, 104 So. 328, quoted approvingly the following from the text of Corpus Juris:

"For it is well settled by the authorities that: 'In this form of action [i. e., one to quiet title] all matters affecting the title of the parties to the action may be litigated and determined, and the judgment is final and conclusive, and cuts off all claims or defenses of the losing party going to show title in himself, from whatever source derived, and which existed at the time of the suit, whether pleaded therein or not.' 34 Corp. Jur. 959, and cases cited under note 28."

The application of the principles of law herein stated to the situation here presented is persuasive of the correctness of the decree, which will be here accordingly affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.