128 579
137 300

128 579
142 488
142 492

128 579
144 409

# Brand *et al. v.* United States Car Co.

*Statutory Bill to determine Claims to Real Estate and quiet Title thereto.*

1. *Possession; what necessary to constitute actual possession.*—To constitute actual possession of land it is only necessary to put it to such use, by exercising such dominion or acts of ownership over it, to which in its present state it is reasonably adapted.

2. *Statutory bill to quiet title; what possession necessary to maintain it.*—To maintain a bill under the statute to compel determination of claims to real estate and to quiet title thereto,

[Brand *et al.* v. United States Car Co.]

it is not required that the complainant should have title by possession, right of possession, or even adverse possession; the only qualification being that the complainant's possession or the 'lands involved in the suit shall be peaceable as contradistinguished from disputed or contested possession, and that such peaceable possession shall be under claim of ownership.

3. *Same; sufficiency of evidence to authorize relief.*—On a bill filed under the statute to compel the determination of claims to real estate and to quiet title to the same, which contains the necessary statutory averments, where there is evidence showing that the complainant is in peaceable possession of the property and exercises such dominion over it as its present state is reasonably adapted to, and the evidence introduced by the defendant shows that they have no title to the land involved in the controversy, the complainant is entitled to the relief prayed for.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed on July 26, 1897, by the appellee, the United States Car Company, against the appellants, E. M. Brand and R. A. Hammons. The bill was filed under the statute to compel determination of claims to real estate, and to quiet the title to the same, which statute is now incorporated into the Code of 1896, forming sections 809-813.

It was averred in the bill that the complainant was "in peaceable possession, both actual and constructive, of the whole of section 36, township 11, range 8 east in Cherokee county, Alabama, and claims to own the same, and that its title thereto is denied or disputed by E. M. Brand, who resides in Lawrenceville, Georgia; and R. A. Hammons, who resides in Lawrenceville, Georgia"; that both of said parties claim some of said lands or some interest therein; that there was no suit pending to test the validity of such title or claims.

The prayer of the bill was that said Brand and Hammons be made parties defendant and that they be required to state and set forth and specify their title, claim or interest in said lands and to show how or by what instrument the same is derived or created, and

that the chancellor would settle and quiet the title to said lands.

The defendants answered the bill setting up their claims thereto in which they averred that one William Garmony, who had entered some of said sections from the government and had purchased other portions of it from the patentee of the government, conveyed said section in 1856 to one John T. Smith; that the administrator of John T. Smith, deceased, conveyed said lands in January, 1873, to one Merritt Camp; that on February 15, 1886, E. M. Brand, as administrator of Merritt Camp, deceased, conveyed said section of land to R. A. Hammons, and that on April 18, 1886, said R. A. Hammons conveyed said lands to the defendant E. M. Brand.

The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion; and it is, therefore, unnecessary to set out in detail the evidence in the case.

Upon the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and further decreed that the complainant have a title to all of the land involved in the suit, and that the defendants had no interest or incumbrance upon said lands. From this decree the defendants appeal, and assign the rendition thereof as error.

HARMON, DENT & WEIL and C. DANIEL, for appellant. The complainant averred that it was in "peaceable possession both actual and constructive," of the land involved in the controversy. The evidence did not show that the complainant was in actual possession, and, therefore, there was a fatal variance between the averments of the bill and the proof.—1 Brick. Dig., § 743.

The evidence for the complainant did not show that it was in such possession as would authorize it to maintain the present bill.—*Reddick v. Long*, 124 Ala. 260; *Adler v. Sullivan*, 115 Ala. 582; *Normant v. Eureka Co.*, 96 Ala. 181; *Ewell v. Hunkley*, 138 Mass. 225; *Faulcon v. Johnson*, 102 N. C. 137; *Ruffin v. Oglesby*, 11 S. E. Rep. 259; *Bell v. Duncan*, 56 Ala. 444; *Childers v. Calla-*

*way,* 76 Ala. 133; *Woods v. Montevallo Co.,* 84 Ala. 561; *Farley v. Smith,* 29 Ala. 38.

WILLETT & BROTHERS, and THOMAS W. COLEMAN, JR., *contra.*—The possesion shown by the evidence of the plaintiff was sufficient to entitle it to maintain the present bill.—*Goodson v. Brothers,* 111 Ala. 589; *Ward v. Chency,* 117 Ala. 238; *Dothard v. Denson,* 72 Ala. 541; *Alexander v. Wheeler,* 69 Ala. 332.

Under the evidence in the present case, the plaintiff was entitled to the relief prayed.—*Payne v. Crawford,* 102 Ala. 399; *Mills v. Clayton,* 73 Ala. 359; *Anderson v. Melcor,* 56 Ala. 621; *Clark v. Clark,* 51 Ala. 498; *McCall v. Pryor,* 17 Ala. 533; *Wilson v. Glenn,* 68 Ala. 383; *Higdon v. Kennemer,* 120 Ala. 193; *Garrett v. Lyle,* 27 Ala. 586.

TYSON, J.—To constitute an actual possession of land, it is only necessary to put it to such use or exercise such dominion over it as in its present state it is reasonably adapted to.—*Goodson v. Brothers,* 111 Ala. 589. The land in controversy is reasonably suitable only for the growing of timber. Since 1891, the complainant and its predecessor in interest, have had one George employed to guard the timber growing upon the lands from depredation, destruction or conversion. George testified, and his testimony is undisputed, that ever since his employment he has gone over the land and inspected the timber as often as from one to three times each month. That he has preserved the timber and prevented it from being cut. That he cut timber for axe handles and split other timber; and on one occasion collected from a trespasser the value of timber cut off this land. When McElrath, through whom the complainant claims to deraign title, claimed to own this land, it appears that he permitted negroes to live in some houses which were then upon it. This was in 1867 to 1869. These houses were destroyed by fire and the land upon which they were situated has grown up in timber. And this was its condition at the time the complainant

and its immediate predecessor, employed George to guard them. The authority of George and the acts done by him in preserving the timber, seem never to have been questioned by any one. If questioned, no notice of it was ever brought to his attention or that of the complainant. There is no evidence in the record that either of the respondents ever exercised a single act of dominion over the land since the complainant has claimed to own it. Neither of them is shown to have been upon it, or to have done or had done any act on the land indicative of ownership. It is true that one Estes testifies that he, with the permission of Brand, one of the respondents, took from the land a poplar log, which had been cut down by trespassers, but when this occurred we are not informed. Whether this permission was given by Brand since he claims to have become the owner of the land or while he was the administrator of the estate of Camp, or while his co-respondent Hammons claimed to be the owner, we are not informed. So likewise Brand testifies that Camp was in possession of the land, and that he, himself, has been in possession of it since he purchased it in 1886. It is obvious from reading his testimony that he does not mean to say that Camp was in the actual possession of it, but that Camp was in possession by reason of having a deed describing it. So, too, he cannot mean to say that he himself was in the actual possession. For he resided in the State of Georgia, and so did his co-respondent Hammons. He does say that he appointed one Estes as his agent, for what purpose he does not state. Estes testifies to having paid the taxes for him and to have gone a few times around the lines, to see if any one was trespassing upon it. This is in substance all the evidence relative to the possession of the lands by the contending parties.

To maintain the bill the complainant is not required to "have title by possession, or the right to possession, or even adverse possession; it requires possession merely, the only qualification being that it shall be peaceable, as contradistinguished from disputed or contested possession, and that it shall be under claim of ownership."—Code, § 809; *Adler v. Sullivan*, 115 Ala. 587.

[Newell *et al.* v. Johns.]

The respondents having shown no title to the lands, the complainant was entitled to the relief prayed.—*Reddick v. Long*, 124 Ala. 260. This case is clearly distinguishable from the case of *Carl v. The State*, 126 Ala. 89.

The decree of the chancery court is affirmed.