# Whittaker *v.* Van Hoose. *et al.*

### Bill to Quiet Title.

(Decided Nov. 24, 1908. 47 South. 741.)

1. *Quieting Title; Proceedings; Nature of Remedy.*—Section 5443, Code 1907, gives a person in peaceable possession of land the right to cite another asserting or supposed to have some title, claim or interest in the land, to show the nature of his claim, and unless some affirmative relief is sought by cross bill, the sole question is whether respondent has any title or interest in the property; and such construction does not reverse the general rule as to the burden of proof, since the statute expressly places the burden on respondent to propound and prove their claim.

2. *Husband and Wife; Wife's Separate Estate; Effect of Relinquishment of Marital Right by Husband.*—Where the husband, by anti-nuptial written agreement, relinquishes and renounces all interest in and control of the property of his intended wife, such agreement destroys all of the incidents which the statute attaches to her separate estate, and converts the statutory separate estate into an equitable separate estate over which the wife has all of the powers of a feme sole.

Appeal from Tuscaloosa County Court.

Heard before Hon. H. B. Foster.

Bill by G. W. Van Hoose, and others, against Willie T. Whittaker, to quiet title. Decree for complainants and respondent appeals. Affirmed.

[Whittaker v. Van Hoose, et al.]

HENRY A. JONES, and J. MANLEY FOSTER, for appellant. The remote grantor of the appellee, B. E. Dickson, and all who claim under him, among whom are appellees, are estopped to deny title of appellant by recitals in the deed of said Dickson, and the other deeds through and under which appellees claim, recognizing and admitting that appellant's ancestor, Katie E. Dickson, had the title at the time of her death, and by the entry into and possession of the premises by said Dickson in recognition of the title of appellant's ancestor, and under his statutory right as surviving husband of the said Katie T. Dickson.—*Wooley v. Brewer,* 1 N. J. Law, 172; *Lessess of Hart's heirs v. Johnson,* 6 Ohio, 87; *Hanley v. Blackford,* 25 Am. Dec. 114; *Libby v. Robertson,* 2 Kan. Appeals, 125; *Byrne v. Morehouse,* 22 Ill. 604; *City of St. Louis v. Ferry Co.,* 15 Mo. Appeals, 227; *Robbins v. McMillan,* 26 Miss. 434; *Jackson v. Parkhurst,* 9 Wend. 209; *Webb v. Webb,* 29 Ala. 606; *McMillan v. Craft,* 135 Ala. 153; *Dial v. Gambrel,* 126 Ala. 151; *Falls v. Building & Loan Ass'n.,* 97 Ala.417; *Pratt v. Nixon,* 91 Ala. 192; *Shelton v. Aultman & Taylor Co.,* 82 Ala. 315; *East Ala. Ry. Co. v. T. & C. River R. R. Co.,* 75 Ala. 516; 78 Ala. 274; 16 Cyc. pages 615, 699 and 760; 2nd Herman on Estoppels, Secs. 590, et seq. The decree is contrary to the evidence. The cardinal rule of constitution of a deed is to ascertain the intention of the grantor.—*Campbell v. Gilbert,* 57 Ala. 569; *Campbell v. Nobles,* 110 Ala. 394; *Sullivan v. Laughlin,* 99 Ala. 64; *Jenkins v. Cooper,* 50 Ala. 419; *May v. Richards,* 65 Ala. 602; *Hamner v. South,* 22 Ala. 438; *Dunn v. Davies,* 12 Ala. 140.

ORMOND SOMERVILLE, JAMES J. MAYFIELD, and DANIEL COLLIER, for appellee.—K. E. Dickson's title passed by her deed to B. F. Dickson.—*Cherry v. Herring,*

83 Ala. 458; *Nelms v. The Sate*, 91 Ala. 97; *Henderson v. Branch Bank*, 11 Ala. 855; *Anniston v. Edmundson*, .127 Ala. 461. The anti-nuptial settlement converted the property in question into an equitable separate estate with all the incidents and qualities of that estate as then established and recognized.—*Callahan v. Monroe*, 70 Ala. 271.; *Erwin v. Bailey*, 72 Ala. 467; *DeBardelaben v. Stoudenmire*, 82 Ala. 574; *Mueller v. Mueller*, 127 Ala. 356. This gave the right of free alienation as if she were sole.—*Short v. Battle*, 52 Ala. 456; *Robison v. O'Neal*, 56 Ala. 541; *Mueller v. Mueller, supra*. Charles Fitts' testimony was competent.—*Lasseter v. Blackwell*, .128 Ala. 147. The recitals of the Dickson-Searcy deed do not estop either Dickson or his privies.—16 Cyc. 701; *Holloman v. Duke*, 110 Ind. 195; 11 A. & E. Ency of Law, 401. As estoppel operates only on parties and privies.—11 A. & E. Ency of Law, 400; *Branson v. Wirth*, 17 Wall. 32.

SIMPSON, J.—The bill in this case was filed by the appellees against the appellant under the statute. Section 809, Code 1896; section 5443, Code 1907. The respondents claim title as heirs of Katie Fiquet Dickson, and the complainants trace their title, through various conveyances to the same party. There is no dispute about the fact that the complainants are, and for many years have been, in the peaceable possession of the premises. This is a statutory proceeding, and both from the wording of the statute and from the adjudications in New Jersey (from which state our statute has been taken) this court has held that it is not necessary that the complainants have title in the premises. The remedy is given to a person in possession, who cannot bring an action at law, not to institute an action of ejectment, but merely to cite the party who is supposed to have

[Whittaker v. Van Hoose, et al.]

some claim to the property to come into court and show the nature .and character of his claim; so that, unless some affirmative relief is sought by cross-bill, the sole question to be decided is whether the respondents have any title to, or interest in, the property.—*Brand et al. v. U. S. Car Co.*, 128 Ala. 579, 583, 30 South. 69; *Adler et al. v. Sullivan*, 115 Ala. 582, 585 et seq., 22 South. 87; *Cheney, Trustee, v. Nathan*, 110 Ala. 255, 20 South. 99, 55 Am. St. Rep. 26.

It is not true, as insisted by counsel for the appellant, that this rule "reverses entirely the general rule as to the burden of proof," because the very wording of the statute places it upon the respondent to propound and prove his claim. It is a right given to the party in peaceable possession, who is presumed to be the owner of the land, to force the other party to show whether his claim is valid. It was within the power of the respondent, if he had desired so to do, to bring an action of ejectment, and thus bring up an adjudication of the title, but he cannot refuse to bring his action at law, and then, when cited to show his title under the statute, throw himself back upon the defects in the title of the complainant. In the *Adler-Sullivan Case, supra*, this court said: "The sole object of this contention is to show that the complainant has no title to the lands under said tax titles set up in his bill, * * * but this contention is not admissible." Page 584 of 115 Ala., page 87 of 22 South.

A vigorous attack is made upon the testimony of the witness G. W. Van Hoose to the execution of the deed from Katie E. Dickson (nee Fiquet) to her husband, Barton F. Dickson, but his testimony, besides being clear and to the point, is corroborated by the circumstances testified to by W. R. Martin and others: and we hold that it is proven that said Katie E. Dickson executed

19 R

and delivered the deed purporting to convey the property in question to said Barton F. Dickson.

The question then arises as to the effect of that deed under the married woman's law as it then stood. Code 1876. This property came to said Katie E. Dickson by inheritance, and was her statutory separate estate, which she could not convey to her husband, unless the paper which is shown to have been executed by her husband, before the marriage, changed its character. By that instrument he released and relinquished all of his marital rights and intertsts in the property of the woman whom he was about to marry. If the husband, by antenuptial agreement in writing, relinquishes and renounces all interest in and control of the property of his intended wife, that necessarily destroys all of the incidents which the statute attaches to her separate estate, and converts it into a separate equitable estate, over which she has all of the powers of a feme sole.— *Cahalan v. Monroe, Smaltz Co.,* 70 Ala. 272, 276; *Harris v. Harris,* 71 Ala. 536, 539; *Irwin v. Bailey,* 72 Ala. 467, 475; *De Bardelaben v. Stoudenmire,* 82 Ala. 574, 579, 2 South. 488; *Mueller v. Mueller,* 127 Ala. 356, 360, 361, 28 South. 465. It results, then, that Mrs. Katie E. Dickson conveyed to her husband her interest in the property involved in this suit, and that the respondents could base no claim to the same as her heirs. Consequently they have shown no title to the land.

The decree of the court is affirmed.

TYSON C. J., and ANDERSON and DENSON, JJ., concur.