# Newell *v.* Manley.

*A Bill to Quiet a Title.*

(Decided May 9, 1911. 55 South. 495.)

1. *Quieting Title; Action; Requisites.*—Under the statutes authorizing a bill to quiet title a complainant is not required to show title. or such adverse possession as would ripen into title, but to show peaceable possession.

2. *Same; Possession; Character.*—In a bill to quiet title, where the land involved was a continuous tract of but eighty acres, and plaintiff's possession was shown to have covered at least five acres, and at one time thirteen or fourteen acres, and was accompanied by actual ownership. the possession was not so slight as to deprive him of the benefit of his title.

[Newell v. Manly.]

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by George W. Newell against Chas. Manley to quiet title to certain land. Judgment for respondent and complainant appeals. Reversed and rendered.

RICHARD B. KELLY and MAUDE McCLURE KELLY, for appellant. The statute makes it the duty of the court to consider and determine the title to the land involved, and to finally adjudge and decree whether the defendant has any right, title, interest in or incumberance upon the same.—Code 1907, section 5443, et seq. This statute gives to parties in bills like this the right to have a determination by the court of the status of the title to the land as between them.—*Interstate v. Stocks*, 124 Ala. 111; *Ward v. Janney*, 124 Ala. 122; *Cheney v. Nathan*, 110 Ala. 254; Code 1907, 5443 et seq. and cases cited. If appellant was in the actual, peaceable possession of the land, claiming it, at the time the original bill was filed, he was entitled to a decree adjudging that he had the legal title to said land, unless the defendant by his answer alleged and by his evidence proved either that he himself or some predecessor in interest was in the prior actual possession of said land, claiming to own the same, or that he had the legal title to said land.—*Brand v. U. S. Car Co.*, 128 Ala.; *Redlick v. Long*, 124 Ala. 260; *Mills v. Clayton*, 73 Ala. 359; *Strange v. King*, 84 Ala. 212; *Anderson v. McLear*, 56 Ala. 621; I. Am. & Eng. Ency. 2 Ed. 870.

HENRY FITTS, for appellee. No brief reached the reporter.

SIMPSON, J—The original bill in this case was filed (August 28, 1905) by the appellant against the appellee to quiet the title to W. ½ of N. W. ¼ of section

15, township 21, range 7 W., in Tuscaloosa county. The respondent denies that the complainant is in possession of the land claimed, within the meaning of the statute, and deraigns his title through a tax deed to Basil Manly, dated September 14, 1849, the will of Basil Manly, made in 1858, devising his lands generally, without description, to his wife, Sarah M. Manly, and a deed by said Sarah M. Manly (July 7, 1892), to the appellee, as trustee.

The complainant introduced in evidence deeds from J. R. Dailey to him, dated March 6, 1883, recorded October 22, 1903, and also from several parties previously to Dailey. It was shown that the land was entered from the United States, in 1830, by George N. Stewart and Thomas Raiser. The evidence on the part of the complainant, including that of Dailey himself and of the justice who took the acknowledgment, tended to show the execution of the deeds on the day of their dates; that the complainant took possession of the land at once, cleared up a portion of it, built a fence around said portion, and cultivated it for years, claiming the entire tract under the deed; that although there were some years when the fence was allowed to go down, yet in 1903 it was rebuilt; and that complainant has been in possession ever since; also that no one by the name of Manley has ever been in possession of any part of the land.

No effort was made by the respondent to prove the validity of the tax deed, and in fact the brief of respondent admits that it is not valid. There is no proof of any acts of possession by either of the Manlys, and the respondent rests his case on the denial of possession by the complainant. To this end very voluminous testimony is introduced, most of which is irrevelant to this case, such as suits between other parties involving other lands

claimed to be near these lands, hearsay statements made by persons not connected in any way with this complainant, and the fact that, about the time the deeds introduced by said complainant were said to have been made, a number of other deeds to other parties for lands in the same neighborhood, known as railroad lands, were claimed to have been made, but were not recorded for many years thereafter. In fact, the general trend of the testimony brought forward by the respondent is avowed to be that about that time there was a general agreement or conspiracy, among a number of persons, to enter and claim lands belonging to other persons, and that the deed of Dailey to the complainant is a forgery. It must be remembered that this is not an action of ejectment, but simply a bill to quiet title under the statute, and it must stand or fall under the evidence revelant to the issue in such a case.

The statute requires, in the complainant, not a title, nor such adverse possession as would ripen into a title, but merely peaceable possesssion; the theory of the statute being that if a party is in possession of land, whether his possession be rightful or not, he cannot force the other party to sue him, and he has a right to inaugurate the litigation by calling on the other party to propound and prove his title. The complainant does not have to prove his title at all, and if he is in peaceable possession the sole inquiry is whether the respondent has proved any title in himself.—*Geo. E. Wood Lumber Co. v. Williams,* 157 Ala. 73, 76, 77, 47 South. 202; *Whitaker v. Van Hoose et al.,* 157 Ala. 286, 289, 47 South. 741; *Dickinson v. Harris,* 155 Ala. 613, 615, 47 South. 78.

There is no force in the suggestion that the possession, under color of title, was so slight and disconnected as not to entitle the complainant to the benefit of his

[Oates v. Whitehead, Tax Collector.]

color of title, under the remarks made in *Lawrence v. Alabama State Land Co.*, 144 Ala. 524, 529, 41 South. 612. The land involved is a continuous tract of only 80 acres, and the possession shown covered at least 5 acres, and at one time 13 or 14 acres, connected with acts of ownership. Nor do the facts in this case come within the principal of the case of *Belcher v. Scruggs*, 125 Ala. 336, 340, 27 South. 839, where the party, on the advice of his counsel, built a fence around an acre, planted corn and peas, and then "abandoned it." The fact that his residence was on another tract has no bearing on his possession of a part of the land in question.

The decree of the court is reversed, and a decree will be here rendered declaring that the respondent has no right, title, or claim in the land in controversy.

Reversed and rendered.

ANDERSON, SAYRE and SOMMERVILLE, JJ., concur.