(88 South. 848)

**McDERMOND et al. v. HAMBY.  (6 Div. 194.)**

(Supreme Court of Alabama.  Feb. 3, 1921.
Rehearing Denied April 21, 1921.)

**1. Quieting title** $\Longleftrightarrow$**44(1) — Those setting up
adverse claims against party in possession
have burden of proof.**

Where a bill to quiet title alleged peaceable
possession by complainant under claim of own-
ership and the other requirements of Code 1907,
§§ 5443, 5444, the burden of proof was cast
upon those asserting title adverse to complain-
ant to establish their claim of right to land.

**2. Evidence** $\Longleftrightarrow$**353(3) — Recital in quitclaim
deed as to previous conveyance not evidence.**

Where complainant purchased from a mar-
ried man who had acquired land from a railroad
company, the recital, in a quitclaim deed to de-
fendants, executed over 30 years later by the
railroad company, that the conveyance was
made to the man's wife, is not evidence of that
fact.

Appeal from Circuit Court, Cullman Coun-
ty; Robert C. Brickell, Judge.

Bill by H. L. Hamby against Lillie Mc-
Dermond and others to quiet title to land.
Decree for complainant, and respondents ap-
peal.  Affirmed.

F. E. St. John, of Cullman, for appellants.

The deed of the Louisville & Nashville Rail-
road to S. A. Jones, being recorded, was no-
tice of the title of her heirs.  148 Ala. 233,
41 South. 780.  The deed relates back to the
contract of purchase.  76 Ala. 560.  W. L.
Jones had only a life estate.  172 Ala. 672,
55 South. 190; 105 Ala. 382, 16 South. 883;
164 Ala. 393, 51 South. 20.  Such possession
cannot be adverse to the title of the remain-
derman.  121 Ala. 77, 25 South. 1010; 164
Ala. 393, 51 South. 20; 180 Ala. 425, 61
South. 96.  Having testified that the deed
was made, it was not incumbent on the wit-
ness to say how or why he knew of it.  139
Ala. 547, 36 South. 712.

A. A. Griffith, of Cullman, for appellee.

It does not appear from the record that the
deed to S. A. Jones was ever delivered.  130
Ala. 454, 30 South. 500; 122 Ala. 510, 26
South. 152; 175 Ala. 469, 57 South. 767, Ann.
Cas. 1914D, 103; 17 Ala. 96.  The intention
of the party is the substantive thing.  65
Ala. 340.  If the deed was not delivered, no
title passed.  169 Ala. 606, 53 South. 812.

GARDNER, J.  This is a statutory bill to
quiet title filed by the appellee against the
appellants, and from the decree in favor of
complainant respondents have prosecuted this
appeal.

[1] The bill alleges actual peaceable posses-
sion by complainant under claim of owner-
ship of the lands therein described, and other

statutory requirements (Code 1907, §§ 5443,
5444), and that these averments were sustain-
ed by the proof is not a controverted ques-
tion here.

The burden of proof was therefore cast
upon the respondents to establish their claim
or right to the land.  As said by this court
in Kendrick v. Colyar, 143 Ala. 597, 42 South.
110:

"When the complainant, as here, showed by
evidence peaceable possession by her of the
land as alleged, and that there was no suit pend-
ing at the time of the filing of the bill to test
the defendant's claim of title, this made a prima
facie case, and she was entitled to a decree ad-
judging defendant's claim invalid unless he es-
tablished a good title."

See, also, Whittaker v. Van Hoose, 157
Ala. 286, 47 South. 741; Brand v. U. S. Car
Co., 128 Ala. 579, 30 South. 60; Adler v.
Sullivan, 115 Ala. 582, 22 South. 87.

[2] The complainant, however, went fur-
ther than these requirements, and showed a
recent purchase by himself of the lands in
controversy from one W. L. Jones, with proof
of continuous adverse possession thereof
from the time the latter acquired the land
from the Louisville & Nashville Railroad
Company in the year 1885 to the time of sale
to complainant.

Respondents in their answer set up the
purchase of the land by S. A. Jones, the wife
of W. L. Jones, from the Louisville & Nash-
ville Railroad Company, insisting that the
deed was executed to her, and that, the wife
having died soon thereafter, the possession
of the husband was only that of a tenant for
life.  We are of the opinion that the respond-
ents have failed to establish the averments
of their answer by legal proof.  The respond-
ents have failed to show by competent and
legal proof the execution and delivery of
any deed to this land from the Louisville &
Nashville Railroad Company to S. A. Jones,
and W. L. Jones in his testimony insists that
in fact no deed to this land was executed
either to himself or his wife.

It is sufficiently established that W. L.
Jones was the actual purchaser of this prop-
erty, and that he paid for the same out of
his own estate, and that he remained on
these lands all these years under claim of
ownership.

The burden was upon the respondents to
show the execution and delivery of the deed
by the Louisville & Nashville Railroad Com-
pany to S. A. Jones, and the testimony offer-
ed by respondents is entirely insufficient for
this purpose.  Clearly, the mere recitals con-
tained in the quitclaim deed from the Louis-
ville & Nashville Railroad Company to the
respondents in 1917 as to the previous execu-
tion of a deed to S. A. Jones cannot be looked
to as legal proof of this fact, and therefore
is without probative force in the establish-

---

$\Longleftrightarrow$For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment of the same. Respondents interposed appropriate objections to such proof, and the trial judge in the decree states that the determination of the cause rests upon the legal and competent proof only.

The result is therefore that the respondents have failed to meet the burden of proof cast upon them, and that the decree of the trial court is correct, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.