·(101 So. 836)

## BURKETT v. NEWELL. (6 Div. 116.)

(Supreme Court of Alabama. Oct. 16, 1924. Rehearing Denied Nov. 27, 1924.)

1. Quieting title ⊕═44(1)—Onus of proof cast on respondent by complainant's prima facie case.

Complaint in suit to quiet title, whose bill meets all the requirements of Code 1907, § 5443 et seq., makes out a prima facie case by proof of peaceable possession, and that no suit was pending, casting on respondent onus of establishing his claim of right.

2. Evidence ⊕═473—Witness may testify to possession, a collective fact.

Possession is a collective fact to which a witness may testify.

3. Quieting title ⊕═44(1)—Complainant held to have made prima facie case casting burden on respondent.

Complainant, in statutory suit to quiet title to a vacant lot, held by her proof to have established prima facie case, casting burden on respondent.

4. Quieting title ⊕═43—Cross-bill not seeking affirmative relief, only question whether respondent has any title or interest.

The cross-bill, in statutory suit to quiet title, seeking no affirmative relief, the only question, where complainant has made a prima facie case, is whether respondent has any title to or interest in the property.

5. Equity ⊕═390—Though not objected to, court must exclude and not consider objectionable evidence.

Under Gen. Acts 1923, p. 631, the court in equity cases must exclude and not consider any irrelevant, immaterial, or incompetent testimony, though no objection has been made.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Deanie H. Burkett against Minnie L. Newell. Decree for respondent, and complainant appeals. Reversed and rendered.

The bill alleges that complainant is a resident of the state of Alabama, over the age of 21 years; that she is in peaceable possession of the real estate described and the owner of same by warranty deed; that respondent is reputed to own or claims to own some right, title or interest in or to the real estate, or has some incumbrance thereon; that no suit is pending to enforce or test the validity of such title, claim, or incumbrance; and it is prayed that all cloud from complainant's title be removed, etc.

Theodore J. Lamar, W. A. Weaver, and H. K. Long, all of Birmingham, for appellant.

Complainant's case was made by the bill and she was entitled to decree. Kendrick v. Colyar, 143 Ala. 579, 42 So. 110; McDermond v. Hamby, 205 Ala. 522, 88 So. 848. The burden was on respondent to show title paramount. Whittaker v. Van Hoose, 157 Ala. 286, 47 So. 741; 22 C. J. (Evi.) § 1248; Hussey v. Roquemore, 27 Ala. 281; Ricketts v. Birmingham, S. R. Co., 85 Ala. 600, 5 So. 353; Lecroy v. Wiggins, 31 Ala. 13; Hall v. Henderson, 126 Ala. 449, 28 So. 531, 61 L. R. A. 621, 85 Am. St. Rep. 53.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

Complainant must prove the allegations of her bill before she is entitled to a decree; there was failure to show possession.

GARDNER, J. This is a statutory bill to quiet title to a certain vacant lot in the city of Birmingham, filed by appellant against the appellee.

[1] The bill in its allegations met all the statutory requirements. Section 5443 et seq., Code 1907. The answer, however, did not meet the requirements of section 5445 of the Code, in that the respondent did not specify her title, but merely made response by way of the general averment that she was the owner of the property. In cases of this character complainant makes out a prima facie case by proof of peaceable possession and that no suit was pending, so as to cast upon the respondent the onus of showing his claim of right to the property. McDermond v. Hamby, 205 Ala. 522, 88 So. 848; Kendrick v. Colyar, 143 Ala. 597, 42 So. 110; Whittaker v. Van Hoose, 157 Ala. 286, 47 So. 741.

[2-4] Complainant's proof discloses, as previously stated, that this was a vacant lot, that she paid taxes thereon, prevented people from cutting the timber therefrom, placed a sign to keep off trespassers, and had the lot fenced and procured the city to place a sewer on the rear end of the lot. In addition to this, complainant testified that at the time of the filing of the bill she was in the exclusive possession of the property, and such, also, is the effect of the testimony of her husband. Possession is a collective fact, to which a witness can testify. Cooper v. Slaughter, 175 Ala. 211, 57 So. 477; Patterson v. Patrick, 202 Ala. 363, 80 So. 445. That there was no suit pending at the time of the filing of the bill to test the respondent's claim of title is admitted by the answer. We are of the opinion, therefore, that the complainant had sufficiently established her prima facie case so as to cast upon the respondent the burden of establishing her title. This respondent failed to do. She offered proof of no deed or other instrument tending to show title in herself. Her defense was directed principally, it seems, in an effort to break down the title of the complainant; but, as held in Whittaker v. Van Hoose, supra, in the absence of affirmative relief, sought by cross-bill, the sole question

in cases of this character is whether the respondent has any title to or interest in the property.

[5] Counsel for appellee lay stress, however, upon a portion of the evidence of the respondent wherein she stated that she was the owner of the property, or had purchased the same for herself. It is not insisted that legal title may thus be shown by a mere verbal declaration to that effect. Higdon v. Kennamer, 112 Ala. 351, 20 So. 470. But it is argued that the objections thereto were not sufficiently specific and were not properly directed to the attention of the chancellor. This insistence, however, leaves out of consideration the Act of September 28, 1923 (Gen. Acts 1923, p. 631), providing that in equity cases the court shall consider only such testimony as is relevant, material, and competent, and shall exclude and not consider any testimony which is irrelevant, immaterial, and incompetent, whether objection shall have been made thereto or not. It therefore appears that respondent has failed to meet the burden cast upon her to establish her title, and, so far as the original bill and answer are concerned, the complainant is entitled to relief.

In the answer the respondent alleged that she was in fact in possession of the property and the owner of the same, and other averments to constitute a bill to quiet title, and prayed that the answer be taken as a cross-bill, which cross-bill was duly answered. The cross-complainant, however, has wholly failed to establish the allegation of her possession of the property here in question. Indeed it appears without dispute that she and her husband have continuously resided without the state since March, 1917, and has failed to show peaceable possession of the property, either actual or constructive. Manifestly, therefore, the respondent could get no relief by way of cross-bill.

It results, therefore, that under the pleadings and proof in this cause the complainant was entitled to relief, and the cross-bill should have been dismissed. The decree to the contrary will be reversed, and one here rendered in accordance with this opinion.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.