189 So. 890

**WARD et al. v. CHAMBLESS.**

**3 Div. 286.**

Supreme Court of Alabama.

June 15, 1939.

Files Crenshaw, of Montgomery, for appellants.

Blakey, Blakey & Levin, of Montgomery, for appellee.

KNIGHT, Justice.

Statutory bill by Sallie S. Chambless against Eleanora Ward and another to quiet title to certain lands in the City of Montgomery, Alabama, and which are fully described in the bill.

The record discloses an anomalous proceeding in the cause, in the court below, as we shall point out.

In the bill the oath of the defendants to their answer was expressly waived, and the answers filed were without oath.

Rule 34 of Chancery Practice is: "An answer to which the oath of the defendant is waived cannot be excepted to for insufficiency."

Notwithstanding this rule of practice which has been in existence for many years in this state, the complainant filed exceptions for insufficiency to the answers of the defendants, and the court sustained the exceptions, allowing the defendants ten days from the date of the decree within which to make further answer, if so advised.

The defendants made no further answer, and the court on November 9, 1938, entered a decree pro confesso against the defendants. This decree, omitting formal facts, is in the following language: "It is, therefore, ordered, adjudged and decreed by the court that said bill of complaint in this cause be and the same is hereby in all things taken as confessed against said Eleanora Ward and Virginia Ward Barnes, the said respondents, as aforesaid."

The record further shows that the cause was submitted on the part of the complainant on; 1st bill of complaint as amended, and (2) decree pro confesso against defendants. The defendants offered no testimony. This submission was on January 6, 1939, and on same day the court entered a decree holding that the respondents "have no right, title or interest in, or incumbrance upon the lands described in the bill of complaint in this cause, nor any part thereof * * *." The court then proceeds to adjudge that the complainant is the owner of said lands.

The complainant having waived answer under oath had no right to except to such answer for insufficiency; and the court's action in sustaining such exceptions was erroneous by reason of the prohibition of Rule 34 of Chancery Practice. Likewise, the court's action in granting a decree pro confesso against the defendants was erroneous. Rechard et al. v. Cowley, 202 Ala. 337, 80 So. 419.

■ However, the appellants—defendants—did not in the court below make the point that the bill of complaint waived oath to answer and that under Rule 34, Chancery Practice, no exceptions for insufficiency could be taken, nor have they made any such insistence here. Both sides have argued the case on its merits, and we will do likewise, treating the cause as submitted on bill and answer, and ignoring the decree pro confesso. The answer in no way controverts the jurisdictional facts averred in the bill, but rather admits them. We will, therefore, consider the case on its merits. In pursuing this course we are not without precedent. Richards v. Daugherty, 133 Ala. 569, 31 So. 934.

It appears from the answers of the defendants that Richard Anderson and Addie Anderson, husband and wife, owned the property in question as tenants in common, each owning an undivided moiety therein, and that they, as such tenants in common, executed in 1908 a mortgage on this property to the Union Bank and Trust Company, to secure an indebtedness of $1,000, and the interest to accrue thereon. Said mortgage was recorded in Mortgage Record Book 207 at page 213, in Probate Office of Montgomery County, Alabama. That after the execution of said mortgage, the said Richard Anderson executed a deed of gift of his one-half undivided interest in said lands to his wife, the said Addie Anderson, for her life, and at her death to the respondent Eleanora Ward "for the term of her natural life," and at her death to the said respondent Virginia Josie Ward (now Barnes) her heirs and assigns forever, reserving in said deed a life estate in himself. This deed was recorded on June 26, 1911, in the Probate Office of Montgomery County, in Deed Record Book 80, at page 32. The said Richard Anderson died in 1911, and by his death his possessory interest terminated.

On the 4th day of March, 1912, the said Union Bank and Trust Company duly transferred the mortgage executed to it by said Andersons to Mary Garside Harris, the said transfer being recorded in Deed Book 84, at p. 447, in the office of the Judge of Probate of Montgomery County; that thereafter on June 21, 1912, the said Mary Garside Harris transferred said mortgage to the said Addie Anderson, the widow of the said Richard Anderson, and who was, as above stated, one of the mortgagors.

It also appears that the said Addie Anderson transferred the said mortgage to Eliza D. Noble, said transfer being dated November 18, 1913, and recorded in Deed Book 104, p. 303. That on May 23, 1918, the said Eliza D. Noble foreclosed said mortgage and at said foreclosure sale C. W. Cooper became the purchaser, and on July 10, 1918, the said Cooper sold and conveyed the property to J. A. Chambless, the foreclosure deed being duly recorded in Deed Book 118, page 442, in the office of the Judge of Probate of Montgomery County.

The answer also contains this further admission or statement, "And the complain-

ant did inherit said property through the will of said J. A. Chambless."

It is not denied that the complainant, and her husband, the said J. A. Chambless, through whom the complainant acquired her title, have been in the possession of said property under the said foreclosure deed since July 10, 1918.

There is no hint or suggestion that the complainant or her said husband has ever recognized any right or interest in the respondents, or in either of them in or to said lands since the said J. A. Chambless acquired the property in 1918.

In their answer the respondents aver that they are non-residents of the State of Alabama, and in an effort to acquit themselves of any imputation of laches make this averment: "Respondents further aver and show unto the Court that respondents' father, Richard Anderson, died on, to-wit, June 16, 1911; that while his estate was being administered said Addie Anderson did represent and state to respondents that she through her attorney would see that the mortgage to said Union Bank & Trust Company was paid out of the funds of the estate of respondents' father, Richard Anderson; that Victor H. Tulane was administrator of said estate of Richard Anderson, deceased, and that Victor H. Tulane did state and represent to respondents that he as such administrator paid said mortgage indebtedness out of the assets of said estate; that respondents were never called upon by said Addie Anderson at any time to contribute to the amount paid by said Addie Anderson for the transfer of said mortgage from Mary Garside Harris to herself."

There is no averment that the debt secured by the mortgage was ever presented or filed as a claim against the estate of the said Richard Anderson, nor that the said J. A. Chambless or the complainant knew of the statements or promises made by the said Addie Anderson or by the administrator of the estate of said Richard Anderson, deceased. Nor is it even hinted or suggested that the said transferees, other than the said Addie Anderson, knew anything of said statements or promises of said Addie Anderson and said administrator.

It is not averred or even hinted in the answer of the respondents that they at any time prior to the filing of the bill in this cause, November 10, 1937, offered to contribute any amount to the payment of said mortgage indebtedness in order to protect their rights in the property. However the answer closes with this paragraph: "Respondents offer to contribute any amount the Court considers fair and equitable as their share of the amount necessary to be paid by said Addie Anderson to effect the transfer of said mortgage to her on June 21, 1912, and submit themselves to the jurisdiction of the Court and offer to do whatever to the Court seems equitable and just in the premises."

We have set out the facts, as they appear in the answer, rather in extenso, in order that our conclusion thereon may be more easily understood.

It is obvious from the foregoing that whatever right or interest the respondents acquired in and to the one-half undivided interest in the lands, they acquired the same under the conveyance of their father in 1910. The father died in 1911, and the life estate given to his wife, the said Addie Anderson, then came into possession, and this life tenant also died in 1921. So, then, a period of sixteen years elapsed since the death of Addie Anderson, before the filing of respondents' answer, and some nineteen years since the foreclosure of the mortgage given by the respondents' father and his wife to the said Union Bank and Trust Company, during which time the foreclosure deed has been on record, and the complainant and those under and through whom she acquired title have been in the possession of the land under claim of title and ownership, and without recognition of any right or interest in the respondents. Notwithstanding these facts, notice of which was and is chargeable to the respondents, they made no effort at any time through these years to redeem the property from the mortgage foreclosure sale, or to contribute to the redemption of the same.

Whatever may have been the rights of the respondents against the life tenant Addie Anderson, we are not now concerned with, nor are we called upon to decide. We are now concerned only with the rights of the respondents as against the complainant, who succeeded to the title, interest and standing of her husband, J. A. Chambless, who was the purchaser at the foreclosure sale under the mortgage given by the father of the respondents and Addie Anderson to the Union Bank and Trust Company. This mortgage was confessedly superior and prior to any right in the respondents.

■ Ordinarily when a mortgage is foreclosed on real estate, the purchaser at the foreclosure sale acquires the full legal and equitable title to the mortgaged premises, subject only to the statutory right of redemption by the parties or some one of them upon whom the statute confers the right of redemption.

But the respondents insist that when Addie Anderson, the life tenant, acquired by transfer the mortgage in question, she, by virtue of her quasi trust relationship, being a life tenant, acquired the mortgage for the benefit of herself and of the respondents, the remaindermen. That her purchase inured to the benefit of the respondents. They cite in support of their contention Williams v. Massie, 212 Ala. 389, 102 So. 611; Sullivan v. Parker, 228 Ala. 397, 153 So. 858; Braly v. Polhill, 231 Ala. 633, 166 So. 419.

The respondents further contend that on the transfer by Addie Anderson of the said mortgage to Mrs. Noble, this infirmity in Addie Anderson's title to the mortgage, and the title it conferred followed the transfer to Mrs. Noble, and that Mrs. Noble's title to the instrument was no better than that of Addie Anderson, and that the transfer was still subject to the equitable rights of these respondents.

And, finally, the respondents insist that the purchaser at the foreclosure sale was charged with notice of the rights of the respondents to insist that the said transfers inured to their benefit, and that any title Chambless, who acquired the title of the purchaser at the foreclosure sale, acquired was subject to the equitable rights of the respondents to relieve their property from the mortgage and foreclosure sale by making their proper contribution to the payment of the mortgage debt.

■■ No doubt Addie Anderson was a life tenant of the property, and it was her duty to pay the interest accruing on the mortgage debt during the continuation of her life estate. But she was under no legal duty to pay off the principal of the debt, but since she did so, it was the duty of the reversioners or remaindermen to make due and proper contribution, such contributions to be made within a reasonable time.

The relation of the life tenant to reversioners or remaindermen has been held to be that of quasi trustee. If this quasi trustee purchases an outstanding mortgage or other incumbrance, the purchase will be treated as having been made for "the joint benefit of himself and the reversioners or remaindermen." He will not be allowed to hold the mortgage or other incumbrance for his own exclusive benefit, if they are willing to contribute their cost of the acquisition, and do so within a reasonable time. Abney et al. v. Abney, 182 Ala. 213, 62 So. 64; Rushton v. McLaughlin, 213 Ala. 380, 104 So. 824; 16 Cyc. 617. Of course, in such cases, the life tenant would have a lien upon the property for the amount due from the reversioners or remaindermen, and the mortgage or other incumbrance (the reversioners failing to make contribution) could be, to that extent, enforced by sale of the property, if the mortgage or other incumbrance provided for a sale in the enforcement of this lien.

So, then, conceding for the purposes of the case, that the life tenant's transfer to Mrs. Noble did not cut off the respondents' right to rehabilitate their title by contributing their share of the cost of acquiring the mortgage by the life tenant, and that this right was not cut off by the foreclosure of the mortgage, the question then recurs, have the respondents, by their long delay of more than twenty-five years in offering to make contribution, lost their equitable right to rehabilitate their title? Confessedly whatever right they had, in this respect, was an equitable one, and we have uniformly held that it must be asserted in a reasonable time. Randolph v. Vails, 180 Ala. 82, 60 So. 159; Abney et al. v. Abney, supra; Sullivan v. Parker et al., 228 Ala. 397, 153 So. 858; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526.

Then, too, in the determination of this question, we must not overlook the fact that the purchaser at the foreclosure sale, and the complainant in succession to the right, title and possession of the purchaser, were not in the attitude, while so holding the property, during the nineteen years that elapsed after the foreclosure sale and before the offer to make contribution (made for the first time in respondents' answer to the bill), of a tenant in common, or of a life tenant. Bailey v. Bond et al., 237 Ala. 59, 185 So. 411.

Their holding was not under a conveyance by a life tenant, who could confessedly convey only her life estate, but was under a deed executed in foreclosure of a mortgage executed by the owner of the fee, and which mortgage was confessedly superior

to any right, title, interest or estate of the respondents in said property. In short, all the rights and interest of the respondents were subject to the lien of said mortgage on said property.

■ It is well recognized in this jurisdiction that the possession of a mortgagee, after default in the payment of the mortgage debt, without any recognition of his relation to the mortgagor, is adverse, and if such possession is continued for ten years, without recognition of any right of the mortgagor, will bar a recovery by the mortgagor. This rule holds good also in case of the sub-vendees of the mortgagor. Toomer v. Van Antwerp Realty Corp., ante, p. 87, 189 So. 549.

There can be no question but that the respondents knew of the existence of said mortgage for at least twenty-five years, or more. They had actual knowledge, as well as constructive notice, of its existence, and that it was superior to any claim or right that they had in the land. They had, at least, constructive notice of the foreclosure of said mortgage in 1918, and the purchase of the property by Cooper. They had constructive notice at least of the sale of said property by Cooper on July 10, 1918, and they are also charged with knowledge of the continuous adverse possession of Chambless and his wife, the complainant, since the year 1918, without recognition of any right or rights of the respondents in said property.

■ While it is well settled that a remainderman not in possession, and with no right to immediate possession, may maintain a bill to remove a cloud from his remainder interest pending the particular estate, it is also held that he is under no duty to do so. Teal et al. v. Mixon, 233 Ala. 23, 169 So. 477. But it is also recognized that there are circumstances which require him to act pending the particular estate in order that he may escape the charge of laches. Teal et al. v. Mixon, supra; Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am.St.Rep. 73; Winters v. Powell, 180 Ala. 425, 61 So. 96; Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289; Herren v. Beck, 231 Ala. 328, 164 So. 904.

■ In any and all events, whether we accept the complainant's view of the law, or that of the respondents, it became and was the duty of the respondents to contribute their share of the cost of the purchase of the mortgage within a reasonable time. Fair dealing demanded such action. What constitutes reasonable time depends upon the circumstances of each case. No fixed or inflexible rule has ever been adopted or applied in this court. Sullivan v. Parker, 228 Ala. 397, 153 So. 858; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526.

■ In this case, upon consideration of all the facts we are of the opinion that the respondents have been guilty of too great a delay in offering to make contribution, and, therefore, whatever equitable right, if any they may have had to rehabilitate their title, has been lost. No sufficient excuse as against this complainant is shown for their long delay.

If the facts averred in respondents' answer could be regarded as efficacious in any event to overcome the imputation of laches, even as against the said Addie Anderson, there is no proof in the record to sustain said averments.

■ In cases like the present, peaceable possession, being admitted or shown in the complainant, and that no suit was pending to test respondents' title, the complainant is not required to prove her title at all, the sole inquiry is whether the respondents have proved any title in themselves. The burden of averment and proof is upon the respondents, who would assert title as against the complainant's peaceable possession. Newell v. Manley, 173 Ala. 205, 55 So. 495; Smith v. Irvington Land Co., 190 Ala. 455, 67 So. 250; Vaughan et al. v. Palmore, 176 Ala. 72, 57 So. 488; Whittaker v. Van Hoose et al., 157 Ala. 286, 47 So. 741; McDermond v. Hamby, 205 Ala. 522, 88 So. 848; Wisener v. Trapp, 216 Ala. 595, 597, 114 So. 196; Burkett v. Newell, 212 Ala. 183, 101 So. 836.

It follows, therefore, that the court's decree adjudging them to be without right, title or interest in, or incumbrance upon the lands, and that the complainant, as against these respondents, is the owner of the same, is free from error, and is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.