198 So. 615

**FLOWERS et al. v. JERNIGAN et al.**

**4 Div. 124.**

Supreme Court of Alabama.

Nov. 14, 1940.

John C. Walters, of Troy, and Wallace D. Walters, of Tuskegee, for appellants.

P. B. Traweek, of Elba, for appellees.

KNIGHT, Justice.

Statutory bill by Joe Jernigan and another against Luke F. Flowers and another to quiet title to certain lands in Coffee County, Alabama. From a decree for complainants, the respondents prosecute the present appeal.

 In the bill, oath of the defendants to the answer to be filed by them is expressly waived. Notwithstanding this waiver of oath to the answer, the complainants filed exceptions thereto on the ground of its insufficiency. Rule 34 of Chancery Practice in force at the time of the filing of the exceptions provides: "An answer to which the oath of the defendant is waived cannot be excepted to for insufficiency." We have heretofore held that said rule applies to actions in equity to quiet title to lands. Rechard et al. v. Cowley, 202 Ala. 337, 80 So. 419; Ward et al. v. Chambless, 238 Ala. 165, 189 So. 890.

In the case of Ward et al. v. Chambless, supra, we refused to reverse the court for holding the defendant's answer insufficient, and in sustaining exceptions thereto, for the reason that the question of waiver of oath was not raised by the defendant in the court below. No such question was raised by the defendants in the court below in this case, though it is here argued that the court committed error in holding the answer insufficient, but not because of the inhibition of rule 34.

The lower court, while holding the answer of the defendants to be insufficient, nevertheless allowed them thirty days within which to file an amended answer. Thereafter the defendants filed an amended answer by adding to their original answer additional averments. These additional averments did not in legal effect change the first answer which the defendants had filed, and which original answer still remained before the court.

While it was error on the part of the court to entertain complainants' exceptions, yet we are fully persuaded that the error was without injury to the defendants, and we will not reverse the cause for such erroneous ruling. Supreme Court Rule 45.

The complainants' bill stated fully a case for equitable relief under the statute. Section 9905 et seq. of the Code.

We have carefully considered the evidence and are persuaded that the complainants were entitled to the relief prayed for, and the court committed no error in so decreeing. We deem it wholly unnecessary to enter upon a detailed discussion of the evidence. It would serve no useful purpose.

It follows that the decree of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.