306 So.2d 263

Geneva DAVIS et al.

v.

William E. BELL and United States Finance Co., Inc., a corp.

S C 799.

Supreme Court of Alabama.

Jan. 16, 1975.

514

J. B. Blackburn, Bay Minette, for appellants.

Perloff, Reid & Briskman, Mobile, for appellees.

FAULKNER, Justice.

The Davises filed a bill against Bell and United States Finance, the assignee of Bell, to quiet title to a certain one-half acre of land situated in Baldwin County, 45 minutes before it was sold at a mortgage foreclosure sale on May 6, 1968. The Davises alleged in their bill that they were in peaceable possession of the land, and that no suit was pending to enforce or test the title to the land. A decree pro confesso was taken against both Bell and United States Finance, but was set aside as to United States Finance upon its filing an answer and cross-bill. United States Finance alleged in its cross-bill that a note in the sum of $5,124.00 secured by a mortgage had been executed to Bell by the Davises; that the mortgagors defaulted in the payment of the mortgage; that the mortgage was foreclosed by sale on May 6, 1968; that United States Finance purchased the property at the sale for $3,200.00 and received a foreclosure deed; that the mortgage deed was recorded in the Baldwin County courthouse office of deeds and mortgages, "a copy attached and made a part hereof." The record in this court does not contain a copy of the mortgage attached to the cross-bill, and the mortgage was not introduced into evidence.

■ At the trial, the Davises made out a prima facie case by showing peaceful possession and that no suits were pending to test the validity of their title. The burden was thereupon shifted to United States Finance to establish its claim to the property. Machen v. Wilder, 283 Ala. 205, 215 So.2d 282 (1968); Burkett v. Newell, 212 Ala. 183, 101 So. 836 (1924). United States Finance claims it met this burden by introduction of the foreclosure deed into evidence. This was the only evidence of title introduced by United States Finance. The foreclosure deed was admitted by the trial court for the limited purpose of showing that the mortgage was foreclosed according to its terms. Thus, here the foreclosure deed did not meet the burden of proof in the suit to quiet title to the real estate. Proof of a valid mortgage was required. Under the evidence of this case, title should have been quieted in the Davises as was correctly decreed by the trial court. But see below.

■ The reader of this opinion may wonder why the Davises appealed. The Davises appealed because of the uniqueness of the trial court's decree. The trial court decreed that the Davises were entitled to the relief prayed for in their bill, but the court said that the Davises owed United States Finance $1,900.00 for improvements to the property. The court gave them 30 days to pay the indebtedness; if the indebtedness were not paid within 30 days, the title to the property would be vested in United States Finance Co., Inc. In our opinion it was error for the court to issue such a decree.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, HARWOOD and JONES, JJ., concur.

MERRILL, BLOODWORTH, MADDOX and McCALL, JJ., concur in the result.